### COMMONWEALTH *vs.* JAMES STEVENSON.

Worcester.    October 4. — 21, 1886.    DEVENS & W. ALLEN, JJ., absent.

At the trial of a complaint for unlawfully selling intoxicating liquors to a minor, it is error to rule that a sale of such liquors by a servant in his master's shop, and in the regular course of his master's lawful business, is *prima facie* a sale by the master, although the sale is an illegal sale.

At the trial of a complaint for unlawfully selling intoxicating liquors to a minor, the person to whom the sale was made may testify that he was twenty years and eight months old at the time of the sale.

COMPLAINT for unlawfully selling intoxicating liquors to a minor, on January 20, 1886.   Trial in the Superior Court, before *Thompson,* J., who allowed a bill of exceptions, in substance as follows :

The government introduced as a witness one Rollins, and asked him where he was born.   His answer was, " In Boston."   The district attorney then asked him how old he was.   To this question the defendant objected; but the judge permitted the question to be answered, against the defendant's exception.   The witness answered, that he was twenty years old on May 15, 1885. The witness was then asked if he went to Gilbertville last January, and answered that he did, and that he went to the Caledonian House, a hotel, and there found the defendant, from whom he engaged rooms at the hotel for a few days.   Rollins then testified, that he and another man by the name of Emery, who came from Boston with him, went out of the hotel to see what they could find among the saloons in the town; that they went into the defendant's saloon, which was in a small building standing close outside the hotel.   The district attorney asked the witness what he got there.   The defendant objected to the question, unless it was to appear that the defendant was present or sanctioned the acts done there at that time.   The judge permitted the question to be answered, and the defendant excepted. The witness replied that he purchased two glasses of gin of one Briggs, the defendant's bar-tender, who was in attendance at the saloon ; that he and Emery went out, and returned and purchased other glasses of gin of Briggs in the same saloon; that at no time did he get any liquor at the place of the defendant other

than the saloon, or when the defendant was in the saloon; and that he did not purchase or get, in any way, any liquor of the defendant.

The government then called Emery, who testified in substance as did Rollins.

The defendant asked the judge to rule that, if the jury should find upon the evidence that Briggs was the defendant's bar-tender, and in this respect his agent, they would not be authorized in finding the defendant guilty, unless they should find that he authorized or sanctioned the act of Briggs in selling to a minor. The judge refused to give this ruling in the words asked for.

The defendant then asked the judge to instruct the jury, that the presumption in law is that a principal does not authorize criminal acts of an agent; and that, before they could convict the principal, they must find that he authorized or sanctioned the criminal acts of his agent.

The judge ruled that, to warrant the jury in finding the defendant guilty of a violation of the law relating to the sale of intoxicating liquors, by reason of a sale made by his servant, the government must prove that the act of the servant was done by the authority of the defendant, or with his approval; that the act of the servant must be the authorized act of the master, before the master could be held to answer criminally for it; that, in the present case, the government must · show that the sale made by Briggs was a sale authorized by the defendant, and, unless they so found, they could not hold the defendant responsible for it; but if the defendant's bar-tender, in the saloon of the defendant, in the usual and ordinary course of his business, made sales of liquor, the sales made by the bar-tender were *prima facie* evidence of a sale by the defendant, whether made to a minor or to any other person, and such a sale made to a minor, unexplained, would, if proved, warrant the jury in finding the defendant guilty of making an illegal sale of intoxicating liquors, but it would be open to the defendant to show that the sale was not made by his authority. The judge also ruled, that there was no presumption that, when a servant, in the regular course of his business as such servant, violated a regulation against the sale of intoxicating liquors, he was acting in violation of the orders or ·

authority of his master, but the presumption was the other way, that he was acting in pursuance of the authority of the master; that, while the presumption of law was that every man is innocent until he is proved guilty, the presumption of fact was that the act of the servant, done in the regular course of the business of the master, was done by the authority of the master; and, if the bar-tender of the defendant sold intoxicating liquors to a minor, when acting in the regular course of his business of selling liquors as such bar-tender, that, unexplained, would be sufficient to warrant the jury in finding that the sale was made by the authority of the defendant, so as to make him criminally responsible for the sale.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. R. Thayer*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

HOLMES, J. The instructions to the jury stated that a sale to a minor by a bar-tender in the course of his master's lawful business raised a presumption of fact against the master, in stronger terms than in *Commonwealth* v. *Briant, ante*, 463; and the exceptions must be sustained for the reasons given in that case. The sale seems to have been to the same person as in *Commonwealth* v. *Briant*, and the facts disclose that, by his own statement, the alleged minor was twenty years and eight months at the time the sale took place. This fortifies the suggestion in the former opinion, that the sale might be explained by the barkeeper's thinking that the minor was of full age, as well as by his master's having authorized him to sell to minors.

We see no sufficient reason why a person should not be allowed to testify to the date of his birth, if that question is fairly open on the exceptions. The certificate which is made evidence by the Pub. Sts. *c*. 32, § 11, is hearsay, and no more likely to be accurate than the sworn statement of the party concerned, based, as it must be, on family tradition, and fortified by his knowledge of himself. *Hill* v. *Eldridge*, 126 Mass. 234. *Cheever* v. *Congdon*, 34 Mich. 296. *State* v. *Cain*, 9 W. Va. 559, 570.

*Exceptions sustained.*