## JACOBS v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9538. Decided May 6, 1929

Lawrence A Tucker, Cleveland, for Jacobs.

Ray T Miller & E J Hopple, Cleveland, for State.

**SULLIVAN, J.**

It is argued that the girl herself testified that she told the defendant that she was then 18 years of age and that this in and of itself is so weakening in character that her contrary testimony given during the trial that she was only 16 years old was reduced to such an unreliable and unworthy character that it fails thereby to meet the proof required by law. There is a circumstance, however, which cannot be left out of consideration in determining the character of the evidence before the court and the effect upon the mind of the trial court and that is that the girl herself was in the nature of a profert and subject to the examination and scrutiny of a judge of years, discernment and peculiar experience in this character of case. Therefore the evidence is corroborative so far as her appearance is concerned for while the evidence may not show her characteristics as they appeared to the trial court, it is to be presumed from the cross-examination of the trial judge of the young girl that her appearance coincided with his view, otherwise it would be improbable that the maximum sentence would have been imposed because such a sentence carries with it the conclusion that the court regarded it as a serious and reprehensible act under all the circumstances on the part of defendant. This view is corroborated by an excerpt from the evidence which reads as follows:

"Mr. Efros: If the court please, the affidavit reads that this defendant is charged with having knowledge of the fact that she was a girl under eighteen years of age.

The Court: Well, anybody looking at her would know she was not."

We have had cited to us People v. Wilhite, 49 Cal. App. 46—to 193 P. 151 wherein court said:

"It is essential to conviction for lewd acts upon a child under Penal Code, Section 288, that the child attacked was under the age of fourteen years, and that, however must be established by evidence, the jury not being permitted to guess it from the appearance of the child on the witness stand."

This, of course, would have application where there was no other evidence excepting the appearance of the girl but inasmuch as we have the unchallenged testimony of the girl herself we do not think that this case applies.

It is our judgment that there was no prejudicial error committed by the court below, and this being so, this court cannot reverse, for the assignments of error stated, the judgment rendered.

Thus holding the judgment of the Juvenile Court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.