John D. Bennett, S.
A bizarre issue has been raised in these hearings to determine the status of three aliens resident in Poland, who propose to contest the probate of a propounded instrument. The executor insists that one of these contestants is dead. His attorney in fact argues with equal vehemence that he is alive, and urges the court to admit into evidence a “certification” of a Polish tribunal which asserts in part that the contestant, Antoni Kacprzynski, “ has declared himself to us in person, which constitutes certification that he is in fact alive.” In addition to the contestant just mentioned, Marianna Kluczynska, an alleged sister of the decedent, and Janina Wyszcelska, a niece of the decedent, intend to file objections to probate. There appears to be no question with respect to the status of the latter two, except that the proponent contends Marianna is a niece and not a sister of the decedent. However, there has been testimony by a Teresa Habeck, a niece of a predeceased sister (Anna) of the decedent that the said Marianna was in fact a sister of the decedent. The proponent has offered no evidence to rebut this.
As to the status of Antoni Kacprzynski, the proponent concedes that the decedent at one time had a brother by the name of Antoni Kacprzynski, who he urges predeceased the decedent.
Abridged certificates of birth have been submitted on behalf of two of the proposed contestants, Antoni Kacprzynski and Marianna Kluczynska. No objection has been made by the proponent as to their admission into evidence. A third “ certifi *23 cate ”, already referred to, submitted on behalf of Antoni Kacprzynski is a statement dated May 27, 1957 by a public official. It recites the following: “ The Presidium of the Local People’s Council at Makow-Maz., herewith CERTIFIES that Mr. Antoni Kacprzynski, a resident at ul. Moniuszko No. 39, Makow-Maz., the son of Andrzej and of Wiktoria nee Chrzanowska, born at Wolec, District of Pultusk, on September 26, 1887, has declared himself to us in person, which constitutes certification that he is in fact alive.” The proponent has objected to the submission of this statement into evidence on the grounds that it is “ a self-serving declaration
It may be said that generally all statements or acts of an individual on his own behalf are self-serving, but it is obvious that there are many instances where such statements or acts are admissible. The essence of the rule has been stated as follows: ‘ ‘ However, it would seem that a true rule excluding self-serving acts and declarations of a party exists, but that the rule serves to exclude self-serving evidence only when the danger of fabrication is so great as to outweigh by far whatever probative value the evidence may possess. ’ ’ (Richardson on Evidence [8th ed.], § 378.)
Here the statement of the proposed contestant that in fact he is Antoni Kacprzynski and alive would be admissible if testified to by him in open court. Testimony of a witness in court with relation to his own status is analogous to the subject of pedigree declarations and declarations by a witness of his own age, and is therefore admissible. Of these, Wigmore states: ‘ The only apparent exception is found in the case of a declarant speaking of his own personal history, for example, of his marriage. But obviously a person is qualified to speak of himself; it is only where a relationship with others is involved that the fact must be made to appear independently.” (5 Wigmore on Evidence [3d ed.], § 1490.) With reference to testifying to one’s own age he states: “Strictly speaking, one cannot exactly know his own age except upon hearsay information; for he is not capable of knowing this, or anything, until an appreciable time after birth. But practically a person’s belief on this point has a satisfactory basis. Courts have commonly preferred to accept this practical certainty rather than to insist on academic nicety.” (2 Wigmore on Evidence [3d ed.], § 667.)
Richardson on Evidence ([8th ed.], § 224) treats the subject of testimony as to one’s own status as follows: “ Testimony by a witness in court in response to a question as to his own status, e.g., age, legitimacy, nationality, is closely related to the subject of pedigree declarations. A person cannot know these facts *24 except from hearsay information, for he cannot even he informed of these facts until an appreciable time after his birth. However, in most jurisdictions the statement when made in court by a witness is admissible, but the authorities are not in accord as to the basis for the admissibility of such evidence. Wigmore on Evidence, 3d ed., sec. 667. Some jurisdictions admit the statement on the ground of necessity, some as an assertion of family relationship, and others as a declaration of pedigree. People v. Ratz, 115 Cal. 132, 46 Pac. 915; Commonwealth v. Stevenson, 142 Mass. 466, 8 N. E. 341. The New York courts have permitted a witness to testify to his own age without assigning any particular reason therefor. Koester v. Rochester Candy Works, 194 N. Y. 92, 87 N. E. 77, 19 L. R. A. (N. S.) 783; Stevenson v. Kaiser, 59 N. Y. St. Rep. 515, 29 N. Y. S. 1122. For a review of the authorities on this subject, see note, 39 A. L. R. 376. ” (See, also, People v. Finkelstein, 156 N. Y. S. 2d 104.)
No objection was raised that this certificate is not admissible as a copy of a foreign record under section 398 of the Civil Practice Act, since in fact it is not a copy of anything on record but merely a statement by a public official. (Cf. Matter of Asterio, 172 Misc. 1081.) Therefore, the objection that the “ certification ” is a self-serving declaration must be overruled. However, even if the “ certification ” is disregarded, the remaining evidence submitted by the proposed contestants has sufficiently established their status to file objections to probate in this matter.
The evidence for the present existence of Antoni Kacprzynski is: (1) An abridged birth certificate setting forth the birth of one Antoni Kacprzynski, born on September 26, 1887. The law is clear to the effect that the demonstration that a person was once alive gives rise to an inference that he was still alive on a subsequent date, unless such later date would extend his life beyond the usual span of human existence. In the case of Matter of Weitz (69 N. Y. S. 2d 840, 841) the court stated: 1 ‘ In this application for letters of administration the petitioner is a sister of the decedent. The petition reveals that there is a father in Poland. If he survived the decedent, he is the sole next of kin and the petitioning sister would have no interest in the estate. Because of the war conditions it is impossible to obtain any authoritative or convincing evidence as to the death of the father, but the presumption of the continuance of his existence applies.” (See, also, Matter of Zalewski, 177 Misc. 384.) (2) The testimony by Teresa Habeck to the effect that “he (Antoni) is still living, because I get mail from him”. (3) The retainer filed by the proposed contestant’s attorney, *25 duly acknowledged by the Consul of the United States, recites that “ I, Robert B. Houston, Jr., Consul of the United States of America at Warsaw, Poland, duly commissioned and qualified, do hereby certify that on this 1st day of March, 1957, before me personally appeared ANTONI KACPRZ YN SKI, also known as ANTONI KASPRZYNSKI, to me personally known, whose name is subscribed to, and who executed the annexed instrument, and being informed by me of the contents of said instrument, he duly acknowledged to me that he executed the same freely and voluntarily for the uses and purposes therein mentioned.” The identity of name in the absence of other proof raises a presumption of identity of person (People v. Snyder, 41 N. Y. 397).
The proponents have submitted some testimony to the effect that Antoni Kacprzynski “ go to the old country to die ”. This in and of itself is not a positive assertion that Antoni did die. In another conversation with the decedent, the decedent is alleged to have said: “ He ain’t got nobody ” in answer to the witness’ statement to him, “ Stanley, now you can make it will to old country because everybody dead ’ ’. The use of the pronoun “ everybody ” gives no indication of who was dead, nor is the statement of the decedent that he had “ nobody ” of particular significance.
In the case of 2409 Broadway Corp. v. Lange (128 Misc. 118, 119) the court stated: “While ‘it is not possible to say that there is a genuine presumption of life, with a uniform application ’ (Wigm. Ev. [2d ed.] § 2531), ‘ the proof of the fact lies on the party who asserts the death. ’ (Wilson v. Hodges, 2 East, 312, 313; Thayer Ev. 319; Rosenblum v. Eisenberg, 123 App. Div. 896.) ’ ’ The proponent has not satisfied this burden.
Accordingly the court finds the evidence sufficient to establish the status of the three proposed contestants to submit objections to the probate of the will.
Submit order on notice.