The defendant was prosecuted for selling beer to a minor in violation of § 30-86 of the General Statutes. Under the Liquor Control Act, of which that section is a part, a minor is defined as a person under twenty-one years of age. § 30-1 (12). Upon a trial to the court the defendant was found guilty, and from this judgment he has appealed, assigning as error three rulings on evidence and the conclusion of the court that he was guilty beyond a reasonable doubt. He later filed a "supplemental assignment of error" claiming that the court erred in denying his motion to dismiss "when the state failed to prove jurisdiction in the case."
We shall first direct our attention to the last paper filed. There is nothing in the rules pertaining to appeals in this court which permits the filing of additional or supplemental assignments of error, and although this practice is allowed in appeals to the Supreme Court of Errors under the provisions of Practice Book § 438, this section is not included among the sections expressly enumerated in Circuit Court Rule 7.51 and therefore is inapplicable in appeals to this court. The filing of this paper, without *Page 355 
at least seeking the permission of this court, was improper, and were it not for the claim of jurisdiction, we should not be required to consider it further. The claim of lack of jurisdiction may be asserted at any time, and the question may be raised on the court's own motion; this may be done even though, as appears here, the claim was not presented in the trial court. Although the motion to dismiss was made on various grounds, lack of jurisdiction was not one of them.
The defendant argues that the state failed to prove that the crime was committed in the fourteenth circuit. In this the defendant confuses jurisdiction with venue. The Circuit Court is one court, having jurisdiction throughout the state; hence the question, not being jurisdictional and not having been raised in the lower court, is not available to the defendant here. This assignment of error is without merit. General Statutes § 51-260; Fine v.Wencke, 117 Conn. 683, 684; Mower v. State Departmentof Health, 108 Conn. 74, 77; Maltbie, Conn. App. Proc. § 306.
The principal witness for the state, to whom the alleged sale was made, was allowed, over defendant's objection, to testify that he was nineteen years old. That was the only evidence of age, and if the evidence was inadmissible the state would have failed to prove its case. That such evidence is admissible is so universally acknowledged, both in criminal and civil cases, as to require no extended comment on this exception to the hearsay rule of evidence except as it may have bearing upon the source of the knowledge of the witness. The cases where such testimony has been admitted are numerous, and for the purposes of this decision we limit ourselves to the citation only of those involving a criminal violation in which proof of age was an essential ingredient and illustrating the exception *Page 356 
to the hearsay rule that ordinarily a person is qualified and competent to testify as to his own age.Smith v. State, 227 Ark. 658 (carnal abuse); State
v. Thomas, 8 Wash.2d 573 (sodomy); State v.Trippe, 222 N.C. 600 (statutory rape, seduction);State v. Best, 108 N.C. 747 (sale of liquor to a minor); Antelope v. United States, 185 F.2d 174
(10th Cir.) (statutory rape); Costillo v. State, 147 Tex.Crim. 494
(statutory rape); France v. State,148 Tex.Crim. 341 (carnal knowledge); Slaughter
v. District of Columbia, 134 A.2d 338 (Munic. Ct. App. D.C.) (contributing to delinquency of minor female); Commonwealth v. Stevenson,142 Mass. 466 (sale of liquor to minor).
The rule, however, is not without its limitations. Such testimony is uniformly rendered admissible on the supposition that knowledge by a person of his day of birth, lineage, paternity and the like had been gained from statements of parents, family reputation, records, writings, and family history.Creer v. Active Auto Exchange, Inc., 99 Conn. 266,276; 2 Wigmore, Evidence (3d Ed.) § 667, p. 785 
1959 Sup., p. 221; 1 Wharton, Evidence (12th Ed.) § 264, p. 600. Thus it has been held that where the knowledge of one's date of birth had been derived from the report of neighbors or strangers or from sources other than family history, records or tradition, such testimony is either inadmissible or of little worth. See such cases as People v. Colbath,141 Mich. 189; Application of 36 West Main, Inc. v.New York State Liquor Authority, 285 App. Div. 756
(N.Y.).
Although the rule admitting such testimony has been approved by the Supreme Court of Errors only in a civil action, Creer v. Active Auto Exchange,Inc., supra, there is no distinction between civil and criminal cases in the application of the rules relating to the admissibility of hearsay in *Page 357 
evidence under exceptions to the hearsay rule. State
v. Torello, 103 Conn. 511, 518. The admission of the testimony of the witness as to his own age was proper.
The second assignment of error concerns the admissibility of testimony of Officer William O'Brien concerning admissions made to him by the defendant. It is claimed that this evidence was inadmissible until there had first been proved the corpus delecti. The third assignment of error is related to the second in that error is averred in the court's conclusion that the delict had been proved before the statements of the accused were allowed in evidence. Both assignments are without merit. The defendant requested and obtained a finding of facts under Circuit Court Rule 7.22. The court found among other things that the defendant sold beer to the witness Brink and that the defendant admitted such sale in his statement to the witness O'Brien. The conclusions of the court must be tested by the subordinate facts found and not by the evidence; where there is evidence to support the facts found and particularly where, as in this case, the finding has not been excepted to, the conclusions of the court must stand.
In his last assignment, the defendant claims that the court erred in finding him guilty of the crime charged beyond a reasonable doubt. To test the correctness of the court's conclusion we have examined the evidence, as it is our duty to do. Cir. Ct. Rule 7.31.1. We find no difficulty in disposing of any considerations of doubt as to the adequacy of proof of all elements of the crime charged with the exception of the proof of age of the witness Brink. While we are of the opinion that his testimony was admissible as to his being nineteen years old at the time the beer was sold to him by the defendant, we are inclined to the conclusion that *Page 358 
this testimony, although admissible, was insufficient, because it did not appear that it rested on family tradition or such other support as the law considers trustworthy. This assignment of error is well taken.
From early times it has been consistently the public policy in this state, as expressed through pertinent legislation, that a public record be kept of such vital matters as births, marriages and deaths. The duty of keeping such records was imposed initially on the town clerk ex officio, then upon him in his capacity as registrar, and then upon him jointly with what is now the state department of health. Statutes, 1849, p. 146; Statutes, 1854, p. 169; Rev. 1866, p. 109; Rev. 1875, pp. 28, 29; Rev. 1888, c. 15; Rev. 1902, c. 115; Rev. 1918, c. 18; Rev. 1930, c. 18; Rev. 1949, c. 24; General Statutes, c. 93;Murray v. Supreme Lodge, 74 Conn. 715, 717. Such records were received in evidence under a salutary exception to the hearsay rule, and certified copies of them were admitted without question in place of the originals, in order to avoid the practically unendurable inconvenience of summoning public officers from their posts on the innumerable occasions when their official doings or records are to be proved in litigation. Id., 718; see also such cases as Gett v. Isaacson, 98 Conn. 539, 543; Hellman v.Karp, 93 Conn. 317, 321.
In recent years, the time-honored rule of allowing testimony of a witness as to his own age has been rendered practically obsolete in this state through a thorough-going revision of our laws pertaining to vital statistics, resulting substantially in what is now chapter 93 of the General Statutes. Until that time, it had been held that a duly certified copy of a birth record was competent not only as corroborative but also as independent evidence of the facts stated therein. Gett v. Isaacson, supra, 541. This revision, occurring in 1943 (Sup. 1943, c. 18; Rev. *Page 359 
1949, c. 24), among other things provided, for the first time, that a copy of the record of a birth or any certificate of registration of birth, or any certification of birth, when properly certified by the local registrar or the state department of health, was prima facie evidence of the facts stated therein in all our courts and that any such certificate of registration of birth or certification of birth was to have the same force and effect with respect to the facts therein stated as the original certificate of birth. Sup. 1943, § 84g (General Statutes § 7-55). This legislative enactment, having such profound effect on the rules of evidence obtaining hitherto, came twenty years after the decision in the Creer
v. Active Auto Exchange, Inc., 99 Conn. 266 (1923). We are not disposed to pay such unswerving allegiance to an outmoded rule of evidence as to close our eyes to the presently available and more precise methods of ascertainment of the truth of essential facts. Reason prompts us to consider the record of birth, where accessible, as better evidence and more trustworthy than a mere recollection of family traditions, records or reports. While such record is also based on hearsay, by statute it is given the force of prima facie evidence of the facts stated therein, in all our courts, and a certified copy of the record has the same force as the original record. General Statutes § 7-55.
In a prosecution for a crime where the fact of age must be proved as an essential element, the quantum of age must be established by evidence which itself is not susceptible of reasonable doubt. It is not enough under our law that the approximate age might be inferred from size, appearance of maturity or immaturity, and other observable facts, for, in the situation here, a crime would not have been proved even though the person served had been only one day over twenty-one years of age. Such casual *Page 360 
inferences, or the declarant's naked assertions as to age, without corroboration from dependable sources, are of insufficient probative value on which to rest a conviction.
 There is error, the judgment is set aside and a new trial is ordered.
In this opinion RUBINOW, Chief Judge, and CICALA, J., concurred.