## State of Connecticut *v.* Viola Staweki

### Appellate Division of the Circuit Court

File No. CR 14-58224

Argued November 28, 1966—decided January 20, 1967

*Kenneth D. Fernino,* of Hartford, for the appellant (defendant).

*Edward R. Smoragiewicz,* assistant prosecuting attorney, for the appellee (state).

Kosicki, J. After a trial to the court, the defendant was found guilty of selling beer to a minor in violation of § 30-86 of the General Statutes. Under § 30-1 (12), which is a part of the Liquor Control Act, a minor is defined as a person under twenty-one years of age. The principal, if not the only, defense presented was that the defendant was exempt from punitive action under the provisions of § 30-86a.[1]

---

[1] "Sec. 30-86a.  STATEMENT FROM PURCHASER AS TO AGE.  (a) For the purposes of section 30-86, any permittee shall require any person whose age is in question to fill out and sign a statement in the following form each time such person makes a purchase:

........................, 19......

"I, ................., hereby represent to ................., a permittee of the Connecticut Liquor Control Commission, that I am over the age of 21 years, having been born on ................,

The finding of facts, which is not subject to any material correction except as allowed by the trial court, may be stated as follows: The defendant is the permittee of a package store, known as the Victor Package Store, in Hartford. On April 1, 1966, Raymond W. Morin, a minor, having been born on January 28, 1946, purchased three cans of beer from the defendant at the store mentioned. It is undisputed that the contents contained alcoholic liquor within the definition of § 30-1 (2). The defendant did not question Morin as to his age, nor was any age consent form, pursuant to § 30-86a, signed by him in her presence. Upon leaving the package store, Morin was stopped by two detectives

---

19...., at ..................... This statement is made to induce said permittee to sell or otherwise furnish alcoholic beverages to the undersigned.

"I understand that I am subject to a fine of one hundred dollars for the first offense and not more than two hundred fifty dollars for each subsequent offense for wilfully misrepresenting my age for the purposes set forth in this statement.

..........................
(Name)

..........................
(Address)

"Such statement shall be printed upon appropriate forms to be furnished by the permittees and approved by the liquor control commission and shall be kept on file on the permit premises, alphabetically indexed, in a suitable file box, and shall be open to inspection by the liquor control commission or any of its agents or inspectors at any reasonable time. Any person who makes any false statement on a form signed by him as required by this section shall be fined not more than one hundred dollars for the first offense and not more than two hundred fifty dollars for each subsequent offense.

"(b) In any case where such a statement has been procured and the permittee is subsequently charged with serving or furnishing alcoholic beverages to a minor, if such permittee, in proceedings before any court of this state or the liquor control commission, introduces such statement in evidence and shows that the evidence presented to him to establish the age of the purchaser was such as would convince a reasonable man, no penalty shall be imposed on such permittee."

from the Hartford police department and the beer was seized. Morin had been at the package store on other occasions, beginning in June, 1964. The defendant admitted having sold the beer in the instant case. On January 8, 1966, a person claiming to be Raymond Morin signed an age consent form, a defendant's exhibit, in the presence of Herbert Granstein, an employee at the Victor Package Store, giving his date of birth as January 28, 1943, and showing Granstein a driver's license for the purpose of identification. The defendant was not present at the time. The form signed contained the same license number as that on Raymond Morin's operator's license. It had not been signed by Morin and the signature was a forgery. This form was filed in a case underneath the counter and was the only one with the name "Raymond Morin" signed thereon.

The sole assignment of error we need to consider on the facts found is whether the defendant is exempt from prosecution and penalty under § 30-86 because of the exculpatory provisions of § 30-86a. Before the enactment of § 30-86a (as Public Acts 1963, No. 358 §§ 2, 3, amended, to increase the penalties in subsection (a), by Public Acts 1965, No. 149), a person in the position of the defendant could sell liquor to a minor only at his peril. He was liable to prosecution under § 30-86 even though he may have reasonably believed that the person to whom the liquor was sold had attained his majority, or notwithstanding that the purchaser had displayed a majority card, duly issued under § 30-88, or procured the liquor from the seller by deceit or stealth. The minor so obtaining alcoholic liquor might also be prosecuted under those circumstances but no defense was available to the seller of intoxicating liquor in violation of § 30-86. See § 30-89; *State* v. *Phillips*, 22 Conn. Sup. 353,

359, 1 Conn. Cir. Ct. 23, 29 (decided before the passage of § 30-86a in its original form in 1963).

The concluding five assignments of error are directed at the point of law touched on above, but in addition specifically claim that the court erred in denying to the defendant the benefit of § 30-86a (b). This provision reads as follows: "In any case where . . . a statement [complying with subsection (a)] has been procured and the permittee is subsequently charged with serving or furnishing alcoholic beverages to a minor, if such permittee, in proceedings before any court of this state or the liquor control commission, introduces such statement in evidence and shows that the evidence presented to him to establish the age of the purchaser was such as would convince a reasonable man, no penalty shall be imposed on such permittee." Subsection (a) provides, inter alia, that "any permittee shall require any person whose age is in question to fill out and sign a statement in the following form *each time such person* makes a purchase." (Italics supplied.)

To entitle the defendant to any benefit of the exemption extended in subsection (b), it was not enough for her to prove that an age declaration had been furnished by the named minor purchaser at a sale sometime prior to April 1, 1966, and that she relied on that statement, alone, in connection with the sale of April 1 which is the basis for the prosecution and judgment under review. Although the parties and the court appeared to devote most of their inquiry to the fact that the age statement relied on by the defendant was a forgery and therefore furnished no defense to the immediate action, the gravamen of the prosecution was that in the sale of April 1 the defendant made no inquiry of the minor as to his age and required of him no

written statement as to his age, as prescribed by the statute. She failed, therefore, to bring herself within the excusatory provisions of § 30-86a (b). See *State* v. *Newman,* 91 Conn. 6, 9. We conclude that upon all the evidence the defendant was properly found guilty of the crime charged beyond a reasonable doubt.

There is no error.

In this opinion PRUYN and JACOBS, Js., concurred.