**William WATKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 27, 1974.

Coleman D. Moberly, London, Anthony M. Wilhoit, Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Special Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

William Watkins was indicted on two counts of forcible rape of a 13-year-old female, both offenses charged to have been committed on the same day against the same victim. The defendant moved that the Commonwealth be required to elect which of the two counts to try "because of improper joinder of two separate and distinct crimes." The court granted the motion on the basis that "under the provisions of RCr 9.14 * * * the Commonwealth should be * * * required to elect which of the two counts * * * will be tried at this time." The Commonwealth thereupon elected to try the second count, which covered the later of the two charged offenses. The jury, under a lesser-offense instruction, found the defendant guilty of carnal knowledge of a female over 12 years of age and under 16, with her consent, and imposed a punishment of five years' confinement in the penitentiary. Watkins appeals from the judgment entered on that verdict.

The evidence for the prosecution was that the offense covered by the count which the Commonwealth elected to try

was committed around 3:00 a.m. on August 13, 1972. Over objection by the defendant, the victim was permitted to testify that the defendant "had sexual intercourse" with her around 1:00 a.m. on the same night. That apparently was the claimed offense to which the other count of the indictment was addressed.

◼ Watkins concedes the existence of the ordinary rule that in a prosecution for a sex crime evidence of prior acts of the same nature committed upon the same person is competent. See Young v. Commonwealth, Ky., 335 S.W.2d 949; Russell v. Commonwealth, Ky., 482 S.W.2d 584. He argues, however, that the rule should not apply in the instant situation, where the prior act was charged by a separate count in the same indictment with the count being tried, and the trial court had ruled that the two counts could not be tried together.

◼ The order of the trial court requiring the Commonwealth to elect which offense to prosecute was not on the basis of prejudice; it was rested on RCr 9.14, which deals with an *improper joinder of offenses in an indictment.* The matter of joinder of offenses is covered by RCr 6.18, and under no rational interpretation of that rule could it be said that there was an improper joinder of offenses in the instant indictment. The order requiring the Commonwealth to elect had no valid basis.

◼ In the circumstances as stated, we can see no reason why the order requiring the Commonwealth to elect should operate to render incompetent the victim's testimony as to the earlier act of sexual intercourse.

◼ The appellant's only other contention is that the trial court erred in permitting the victim, over objection, to testify as to her own age—13. The claim is that this testimony was hearsay. The simple answer is that testimony by a person as to his own age is by the general rule held ad-

missible as an exception to the hearsay rule. There is no argument here that the testimony, if admissible, did not have sufficient weight. See 29 Am.Jur.2d, Evidence, sec. 521, p. 574.

The judgment is affirmed.

All concur.