## STATE OF CONNECTICUT *v.* RAYMOND HYATT (4463)

HULL, BORDEN and DALY, Js.

Argued November 14, 1986—decision released January 6, 1987

---

*Robert V. Cimmino,* for the appellant (defendant).

*Glenn M. Kaas,* certified legal intern, with whom were *Susann E. Gill,* deputy assistant state's attorney, and, on the brief, *Dennis A. Santore,* state's attorney, and *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of conviction, after a jury trial, of sexual assault in the second degree, in violation of General Statutes § 53a-71 (a) (4).[1] The defendant claims that the trial court erred in denying his motion, made at the close of all the evidence, for a judgment of acquittal for the failure of the state to produce sufficient evidence on an essential element of the crime. We find no error.

The fifteen year old victim was a foster child placed in the home and under the care of the defendant and his wife by the department of children and youth services. The victim was living in the defendant's residence during the summer of 1983. Both the defendant and his wife worked. The defendant's cousin, Mildred Ognan, babysat on a daily basis for the victim and three other children in the household until one of the adults came home.

The victim testified that on one weekend day in the summer of 1983, the defendant came home while Ognan

---

[1] General Statutes § 53a-71 (a) (4) provides: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is . . . (4) less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare . . . ."

was babysitting. Ognan soon departed and the victim was left alone with the defendant. The defendant told her to go upstairs, followed her and proceeded to have sexual intercourse with her in one of the bedrooms. The victim testified that while the defendant was having intercourse with her, she heard someone come up the stairs and into the room and then walk back down the stairs. Soon thereafter, the victim heard Ognan call upstairs. The defendant put his clothes on and went downstairs. The victim also testified that she was born on December 5, 1967, and that at the time of her testimony she was seventeen years old.

Ognan testified that on a weekend day in the summer of 1983, she had been at the defendant's home. When the defendant came home, she left the house but returned, using her house key to re-enter after she realized she had forgotten something. She called for the victim and upon receiving no answer, she went upstairs. She went into a bedroom and saw the victim and the defendant engaged in sexual intercourse. She returned to the first floor and told her husband what she had seen. She then called for the defendant, who thereafter came downstairs.

Neither Ognan nor the victim told anyone about the incident until October, 1984. On October 11, 1984, the foster children in the defendant's home were taken from the house due to an unrelated complaint. After being questioned with respect to this unrelated matter, the victim revealed that she had been sexually assaulted by the defendant.

The defendant claims that the state failed to produce sufficient evidence on an essential element of the crime charged, namely, that the victim of the sexual assault was "less than eighteen years old." General Statutes § 53a-71 (a) (4). The defendant acknowledges that there was testimony by the victim regarding her age and date

of birth. The defendant claims that such testimony is hearsay and, consequently, insufficient to support a finding that the victim was under the age of eighteen. The defendant argues that the state's only sufficient method of proof was by introduction of a certified copy of the victim's birth certificate. The dispositive issue is whether the naked assertion of the principal witness as to her age is of sufficient probative value to convict the defendant of the crime charged. We hold that it is.

Strictly speaking, when a person testifies regarding her age, that testimony is hearsay since one cannot exactly know her own age. A person is incapable of noting the fact of birth. Nonetheless, a person's belief or knowledge of her age usually has a reliable and satisfactory basis in statements of witnesses, parents, family reputation, or writings in possession of the family and preserved as records or family history. 2 F. Wharton, Criminal Evidence (14th Ed. Torcia) § 272. "Courts have commonly preferred to accept this practical certainty rather than to insist on academic nicety." 2 J. Wigmore, Evidence (Chadbourn Rev.) § 667.

The great weight of authority holds that a witness is competent to testify to her own age and date of birth. 2 F. Wharton, supra; 2 J. Wigmore, supra; 75 C.J.S., Rape §§ 58, 73. More specifically, a witness may testify concerning her age in prosecutions where age is an essential element of the crime. 2 F. Wharton, supra. The age of a victim in a sexual assault case is sufficiently proved when the victim testifies positively as to her age. *Kelly* v. *State,* 258 Ind. 196, 198, 280 N.E. 2d 55 (1972); *State* v. *Riley,* 111 N.J. Super. 551, 552, 270 A.2d 47 (1970); *Watkins* v. *Commonwealth,* 514 S.W. 2d 185, 186 (Ky. 1974); see *Jason* v. *State,* 589 S.W.2d 447, 449 (Tex. Cr. App. 1979); *State* v. *Loftin,* 76 Wash. 2d 350, 351, 458 P.2d 29 (1969); 75 C.J.S., Rape § 73.

Our Supreme Court, consistent with the great weight of authority, has also held that a witness can testify to her age. *Creer* v. *Active Auto Exchange, Inc.,* 99 Conn. 266, 121 A. 888 (1923). In that case, the court stated: " '[w]e see no sufficient reason why a person should not be allowed to testify to the date of his birth. . . . The certificate which is made evidence [by statute] is hearsay, and no more likely to be accurate than the sworn statement of the party concerned, based, as it must be, on family tradition, and fortified by his knowledge of himself.' " Id., 276, quoting Justice Holmes in *Commonwealth* v. *Stevenson,* 142 Mass. 466, 8 N.E. 341 (1886).

In this case the witness testified to her age. That testimony, which was given without objection by the defendant, was not only properly admissible, but was fully adequate to establish that essential element of the crime charged.

The defendant relies on *State* v. *Phillips,* 22 Conn. Sup. 353, 172 A.2d 923 (1961). In that case the Appellate Division of the Circuit Court held that a witness' testimony as to his age was insufficient to establish age as an essential element of a crime in the absence of an affirmative showing that his testimony "rested on family tradition or such other support as the law considers trustworthy." Id., 357–58. The defendant's reliance is unavailing.

First, as a constitutional intermediate appellate court we are not bound by the precedent of the statutory Appellate Division of the Circuit Court. *Fishman* v. *Middlesex Mutual Assurance Co.,* 4 Conn. App. 339, 354 n.8, 494 A.2d 606 (1985). Second, we disagree with the reasoning of *State* v. *Phillips,* supra. Once the evidence as to the age of the victim was admitted, the jury was entitled to believe it and thus to find her age proven beyond a reasonable doubt. *Kelly* v. *State,* supra. Any

frailty in the basis of the victim's testimony as to her age was solely a matter for cross-examination.

The defendant's second claim is that the evidence was insufficient to establish that sexual intercourse took place between the defendant and the victim. A review of the evidence recited makes it clear that this claim is groundless.

There is no error.

In this opinion the other judges concurred.