OPINION
Defendant-appellant, Elizabeth D. Eberts, appeals from a judgment of the Franklin County Municipal Court convicting appellant of operating a motor vehicle with a prohibited blood alcohol concentration and failing to obey a traffic control device.
On August 14, 1999, appellant was charged with one count of operating a motor vehicle with a prohibited blood alcohol concentration, in violation of R.C. 4511.19 (B)(2), one count of operating a motor vehicle while under the influence of alcohol ("OMVI"), in violation of R.C. 4511.19(A)(1), and one count of failing to obey a traffic control device, in violation of R.C.4511.12. Appellant pled not guilty to the offenses and a court trial commenced. Subsequently, the trial court convicted appellant of operating a motor vehicle with a prohibited blood alcohol concentration and failing to obey a traffic control device. The charge of OMVI under R.C. 4511.19(A)(1) was dismissed on motion of plaintiff-appellee, state of Ohio. Appellant was sentenced accordingly.
Appellant appeals, raising five assignments of error:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT OF CONFRONTATION AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY PROHIBITING CROSS EXAMINATION OF THE STATE'S WITNESSES REGARDING THE BAC DATAMASTER THAT PRODUCED APPELLANT'S BREATH TEST RESULT.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT OF COMPULSORY PROCESS AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY PROHIBITING APPELLANT FROM CALLING AN EXPERT WITNESS TO CHALLENGE THE GENERAL SCIENTIFIC RELIABILITY OF THE BAC DATAMASTER THAT PRODUCED APPELLANT'S BREATH TEST RESULT.
ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO PRESENT A COMPLETE DEFENSE AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY PROHIBITING APPELLANT FROM CROSS EXAMINING THE STATE'S WITNESSES OR PRESENTING EVIDENCE REGARDING THE SCIENTIFIC UNRELIABILITY OF THE BAC DATAMASTER THAT PRODUCED APPELLANT'S BREATH TEST RESULT.
ASSIGNMENT OF ERROR NO. 4:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY PRECLUDING EVIDENCE ATTACKING THE SCIENTIFIC RELIABILITY OF THE BAC DATAMASTER, THEREBY CREATING A CONCLUSIVE PRESUMPTION THAT RELIEVED THE PROSECUTION OF ITS BURDEN OF PROOF.
ASSIGNMENT OF ERROR NO. 5:
 THE TRIAL COURT VIOLATED APPELLANT'S RIGHT OF CONFRONTATION AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY ALLOWING THE STATE TO PROVE AN ELEMENT OF THE OFFENSE SOLELY BY THE USE OF INADMISSIBLE HEARSAY EVIDENCE.
We will address appellant's first, second, third and fourth assignments of error together as they concern her constitutional rights to attack the general reliability of the breath test machine.
During appellant's trial, Ohio State Highway Patrol Trooper William Haymaker testified that he stopped appellant on August 14th and instituted the above charges. During cross-examination of the trooper, appellant sought to question him regarding the general reliability of a breath testing instrument used to test the level of alcohol in appellant's blood. In addition, appellant sought to introduce testimony from a proposed expert witness regarding the general unreliability of the breath testing machine. The trial court precluded the proposed cross-examination and expert testimony based on the Ohio Supreme Court's holding in State v. Vega (1984), 12 Ohio St.3d 185, 190, discussed below. In her first, second, third and fourth assignments of error, appellant asserts that the trial court violated her constitutional rights of confrontation and compulsory process, due process and right to present a complete defense when it precluded her from attacking the general reliability of the breath test machine.
However, as indicated by the trial court, the Ohio Supreme Court has held that a defendant may not make a general attack upon the reliability and validity of a breath testing instrument. Vega, at 190. Thus, in Columbus v. Duling (Mar. 31, 1997), Franklin App. No. 96APC07-859, unreported, we declined to embrace a defendant's argument that the trial court violated his constitutional rights when it precluded him from attacking the general reliability of a breath test machine. In so declining, we indicated that "[a]ny change in the law regarding a defendant's right to challenge the general scientific reliability of a breath testing device must come from the Ohio Supreme Court, not this court." Id.
Accordingly, we conclude that the trial court did not err in precluding appellant from challenging the general reliability of the breath test machine. As such, appellant's first, second, third and fourth assignments of error are overruled.
In her fifth assignment of error, appellant claims that she was denied her constitutional right of confrontation because the trial court allowed appellee to prove elements of the OMVI offense through hearsay testimony. As noted above, appellant was charged with violating R.C. 4511.19(B)(2), which prohibits any person under twenty-one years of age from operating a motor vehicle with greater than .02 of one gram of alcohol per 210 liters of breath. According to appellant, the trial court erroneously allowed appellee to prove appellant's age through Trooper Haymaker's use of a LEADS printout, which contains information on appellant from the Bureau of Motor Vehicles, and through the trooper's testimony that appellant admitted to being twenty years of age. We disagree.
Evid.R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is generally not admissible unless the statement is excluded or excepted from the hearsay definition as indicated in Evid.R. 801, 803, 804, 805, 806 and 807.
As to the trooper's testimony regarding appellant's admission to being twenty years of age, we initially conclude that the testimony is not inadmissible solely because it contains appellant's statement about her age. It has been widely held that a person is competent to testify as to his or her own age and date of birth. Watkins v. Commonwealth (Ky. 1974), 514 S.W.2d 185,186; Kelly v. State (Ind.App. 1972), 280 N.E.2d 55, 56; State v.Riley (N.J. App. 1970), 270 A.2d 47; see, also, State v. Sleppy
(1992), 62 Ohio Misc.2d 394, 396. We also note that, under Evid.R. 801(D)(2), an out-of-court statement is admissible if it is a statement made by a party of a case and is offered against him or her at trial.
In this case, the testimony containing appellant's admission that she was twenty years of age constitutes a statement by a party to this case offered against her at trial. Therefore, pursuant to Evid.R. 801(D)(2), the statement is admissible and we conclude that appellant's right of confrontation was not violated when the trial court admitted the testimony into evidence.
We next address Trooper Haymaker's testimony over the LEADS printout. At trial, Trooper Haymaker testified that he looked at a LEADS printout before charging appellant with the above offenses. As well, the trooper testified that there was nothing in the LEADS printout that did not match information he personally observed or was told by appellant. The record demonstrates that no statements from the LEADS printout were admitted into evidence. Thus, the testimony involves no out-of-court statement within the definition of hearsay contained in Evid.R. 801, and, thus, is not excludable on hearsay grounds. In any event, any error in admitting the statement is harmless given appellant's admission to being twenty years of age. Thus, the testimony surrounding the LEADS printout did not violate appellant's right of confrontation.
Appellant's fifth assignment of error is overruled.
Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.
GEORGE, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.