OPINION
{¶ 1} Appellant Debbie Selmon appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, challenging the admission of certain testimony at her trial. The following facts give rise to this appeal.
 {¶ 2} On February 9, 2005, appellant appeared, before the trial court, and entered pleas of not guilty to each of the three charges of contributing to the delinquency of a minor. According to the complaint, appellant provided alcohol to Eileen Stout and Jeri Aycock, underage minors. Both girls were seventeen years old at the time of the offenses.
 {¶ 3} This matter proceeded to trial on April 21, 2005. At trial, over the objections of defense counsel, Eileen Stout testified that she was born on March 2, 1987 and Jeri Aycock testified that she was born on August 22, 1987. Following deliberations, the jury returned a verdict finding appellant guilty of counts two and three and not guilty of count one.
 {¶ 4} The trial court sentenced appellant to ninety days incarceration, on each count, time to run concurrently, and imposed a $500 fine per count. The trial court suspended sixty days of the jail sentence and $200 of each fine and placed appellant on probation for a period of three years.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING CERTAIN EVIDENCE TO BE ADMITTED."
 I {¶ 7} In her sole assignment of error, appellant maintains the trial court erred when it permitted the two witnesses in this case to testify regarding the dates of their births. We disagree.
 {¶ 8} Specifically, appellant alleges that in order for the state to prove that appellant contributed to the delinquency of the two minors, it was necessary for the state to establish that the two minors were under the age of eighteen at the time of the offenses. To satisfy this requirement, the state asked each witness their birth date. Defense counsel objected to this testimony on the basis that such testimony was hearsay under Evid.R. 801(C). The trial court overruled defense counsel's objections.
 {¶ 9} It is well-settled law that the decision to admit or exclude evidence is left to the sound discretion of the trial court and will not be overturned, on appeal, absent an abuse of discretion. In order to establish an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In support of her sole assignment of error, appellant cites Evid.R. 602, which provides, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." Appellant argues that absent personal knowledge, the state has failed to lay a sufficient foundation, for the evidence, and the same should be excluded from the prosecution of this matter. Thus, an individual may learn about the date of his or her birth, from various sources, however, an individual has no personal knowledge of their birth.
 {¶ 11} In support of this argument, appellant cites the case of State v. Fears, 86 Ohio St.3d 329, 1999-Ohio-111. InFears, a witness testified, at trial, that she did not see the defendant nor recognized his voice, but was able to provide the defendant's name, to the police, based upon information provided to her by two other men. Id. at 338. On appeal to the Ohio Supreme Court, the Court found the testimony was improper hearsay and explained as follows:
 {¶ 12} "Given the fact that Bryant herself admits that she could not possibly place appellant at the crime scene, or implicate him as the person who fired the fatal shot, we find that her reference to what others told her about appellant's presence was hearsay. For this reason, her identification of appellant in a photo lineup should have been suppressed. However, the defense did not dispute that appellant shot Gilliam and we find that under these facts, Bryant's testimony was cumulative and constitutes harmless error, since the error did not contribute to the verdict." Id. at 338-339.
 {¶ 13} As in Fears, appellant concludes that firsthand knowledge concerning a date of birth that is based upon accounts provided by out-of-court statements must be excluded as hearsay. Finally, appellant maintains the witnesses' testimony was admitted in violation of Crawford v. Washington (2004),541 U.S. 36. In Crawford, the Unites States Supreme Court held:
 {¶ 14} "Where non-testimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law — as does [Ohiov. Roberts (1980), 448 U.S. 56], and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Id. at 36.
 {¶ 15} Thus, according to Crawford, the threshold determination becomes whether the hearsay statements in question are "testimonial." Appellant maintains the witnesses' testimony concerning their birth dates is "testimonial" in nature because they concern observations, by other individuals, reported to the witnesses. Appellant argues that pursuant to Crawford, the Confrontation Clause precluded the introduction of this testimony without an opportunity of the appellant to confront the source of the information. Upon review of this argument, we find theCrawford decision does not apply to the case sub judice for the reasons stated in State v. Moran (Nov. 4, 1992), Hamilton App. No. C-920279.
 {¶ 16} In Moran, the defendant was charged with furnishing alcohol to a minor. Id. at 1. Following a bench trial, at which appellant was found guilty, appellant appealed arguing the trial court erred in permitting the minor to testify regarding his age. Id. The defendant specifically maintained that such testimony constituted hearsay because the victim did not have firsthand knowledge concerning the date and time of his birth. Id.
 {¶ 17} The First District Court of appeals rejected the defendant's argument citing Evid.R. 801. The court held that:
 {¶ 18} "Evid.R. 801(C) defines hearsay as `a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' A declarant `is a person who makes a statement,' Evid.R. 801(B), and a statement `is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion.' Evid.R. 801(A).
 {¶ 19} "It is manifest, from a review of the testimony of McCane, [victim] that his response concerning his age, i.e., that he was eighteen years of age at the time he purchased the alcoholic beverage from the defendant, did not involve an out-of-court statement within the definition of Evid.R. 801(C) and did not, therefore, constitute hearsay." Id.
 {¶ 20} Thus, in the case sub judice, the witnesses' testimony was not hearsay because it did not involve an out-of-court statement within the definition of Evid.R. 801(C). Rather, the witnesses made the statements, about their age, while testifying at trial. As such, appellant had the opportunity to confront the witnesses concerning the source of this information, but chose not to do so. Accordingly, the Crawford decision does not apply to the facts of the case sub judice.
 {¶ 21} In addition to the Moran decision, we also find persuasive the case of State v. Sleppy (1992),62 Ohio Misc.2d 394. In Sleppy, the defendant was charged with selling alcohol to a minor. Id. at 395. At trial, the victim testified regarding the date of her birth. Id. The defendant was convicted of the charged offense and on appeal, argued the law of hearsay prevented a witness from testifying as to her age at the time of the charged offense. Id. In rejecting this argument, the court held as follows:
 {¶ 22} "A person may testify regarding his or her age. In a case concerning delinquency of a minor, the court allowed a minor to testify as to her age without requiring additional documentary support. Jacobs v. State (1929), 7 Ohio Law Abs. 326, 29 Ohio Law Rep. 610. The court found that the testimony was admissible because it was subject to the scrutiny and examination of the trial court. Id. In State v. Hyatt (1987), 9 Conn.App. 426,519 A.2d 612, the Connecticut appellate court stated as follows:
 {¶ 23} "`Strictly speaking, when a person testifies regarding her age, that testimony is hearsay since one cannot exactly know her own age. A person is incapable of noting the fact of birth. Nonetheless, a person's belief or knowledge of her age usually has a reliable and satisfactory basis in statements of witnesses, parents, family reputation, or writings in possession of the family and preserved as records or family history. * * * Courts have commonly preferred to accept this practical certainty rather than to insist on academic nicety.
 {¶ 24} "`The great weight of authority holds that a witness is competent to testify to her own age and date of birth. * * * More specifically, a witness may testify concerning her age in prosecution where age is an essential element of the crime. * * *'
 {¶ 25} "There is sufficient authority holding that a witness may testify to that witness's own age. Commonwealth v.Stevenson (1996), 142 Mass. 466, 8 N.E. 341; Creer v. ActiveAuto Exchange, Inc. (1923), 99 Conn. 266, 121 A. 888; Kelly v.State (1972), 258 Ind. 196, 280 N.E.2d 55; State v. Riley
(1970), 111 N.J.Super. 551, 270 A.2d 47; Watkins v.Commonwealth (Ky. 1974), 514 S.W.2d 185. Consequently, the witness's testimony regarding her age is admissible." Id. at 395-396.
 {¶ 26} Based upon the Moran and Sleppy decisions, we conclude the trial court did not abuse its discretion when it permitted the witnesses to testify regarding their respective ages at the time appellant committed the offenses.
 {¶ 27} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Licking County Court of Common Pleas, Juvenile Division, is hereby affirmed.
Wise, J., Edwards, J., concurs., Hoffman, P.J., dissents.