## STATE OF NEW JERSEY v. GEORGE D. HUGGINS.

Argued February 20, 1912—Decided June 14, 1912.

1. The prosecutrix upon the trial of an indictment for rape when it
   is essential to prove that she is under the age of consent, may
   testify to her own age.

2. Upon the trial of an indictment for rape, the court permitted
   the prosecutor of the pleas to ask if the girl made a complaint
   against the defendant; the case was presented to this court under
   section 136 of the Criminal Procedure act. *Held*, that no mani-
   fest wrong or injury was done to the defendant.

---

On error to Burlington Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and SWAYZE.

For the plaintiff in error, *Robert Peacock* and *James Mer-
cer Davis*.

For the state, *Samuel A. Atkinson*, prosecutor of the pleas.

The opinion of the court was delivered by

SWAYZE, J.    The defendant was convicted of rape of a
child under sixteen years of age. The case is presented to
us under the one hundred and thirty-sixth section of the Crim-

inal Procedure act. The substantial reasons urged for reversal are that the evidence failed to show penetration, that it was not proved that the girl was under sixteen years of age, that her story was not corroborated, and that the court erred in admitting evidence of a declaration of the mother as to the child's age without proof that the mother was dead or out of the jurisdiction, and evidence that in her complaint she mentioned the name of the defendant. As to the evidence of penetration, it is enough to say that if the jury believed the girl's testimony the fact was proved. Further details than she gave were unnecessary. The medical evidence tended to corroborate her.

The girl herself testified to her own age and, although at one time on her cross-examination she said that all she knew about it was what Mr. Williams told her, she also said on her recross, when asked whether that was all she knew, that her mother told her. It is well settled that one may testify to his own age (*Wigm. Ev.*, § 667); even the prosecutrix in an action for rape may do so when it is essential to prove that she is under the age of consent. *Com. v. Phillips*, 162 *Mass.* 504; *State. v. Bowser*, 21 *Mont.* 133; *People v. Colbath*, 141 *Mich.* 189. The reasons for permitting testimony of this character have been nowhere better stated than by Mr. Justice Dixon, speaking for the Court of Errors and Appeals, in *Hancock v. Catholic Benevolent Legion*, 40 *Vroom* 308. Testimony as to the exact birthday must, as he says, rest on hearsay, but testimony as to the approximate age rests on one's own recollection; by counting the years of memory and adding the short period that antedates memory—a period which all normal persons can from observation and experience approximate with much accuracy, a person can form a sufficiently accurate estimate of his age. It has even been held that a witness in a criminal case may testify as to the date of his birth. *Com. v. Stevenson*, 142 *Mass.* 466. As Professor Wigmore says: "Practically a person's belief on this point has a satisfactory basis. Courts have commonly preferred to accept this practical certainty rather than to insist on academic nicety." In a doubtful case where the

precise age to a day becomes important, it would be the duty of the court to warn the jury that the testimony of a person as to his birthday must be considered with caution, but that is not the present case. The testimony of the prosecutrix and of the physician was enough to prove that she was under sixteen. The evidence of Williams as to the records of his institution showing the age given by the mother when the child was entrusted to his society, was incompetent, but as there was competent proof of the fact and it was not contradicted as it might have been by testimony that the development of the girl indicated a greater age than fourteen, we think there was no manifest wrong or injury done the defendant by admitting the testimony.

The objection to the complaint made by the girl is that details were permitted contrary to the rule of *State* v. *Ivins,* 7 *Vroom* 233. We cannot in this court consider whether that rule goes too far, as has been held in more recent cases elsewhere. *Wigm. Ev.,* § 1134ff, § 1760; *Reg.* v. *Lillyman,* 65 *L. J. M. C.* 195. The trial judge followed the rule of the Ivins case, as we understand it, and excluded all details except that he permitted the prosecutor of the pleas to ask if the girl made a complaint against the defendant. There is nothing in the opinion in the Ivins case which makes it improper to put the question whether the prosecutrix complained of the prisoner, and a consideration of the history of the rule and the practical effect of evidence of the complaint, leads us to think it permissible. The custom of excluding the details of the complaint, the history of which is traced by Professor Wigmore, was referred to by Baron Parke in *Reg.* v. *Walker,* 2 *M. & Rob.* 212. He there said: "The usage has obtained that the prosecutrix's counsel should only inquire generally whether a complaint was made by the prosecutrix of the prisoner's conduct towards her, leaving the counsel of the latter to bring before the jury the particulars of the complaint by cross-examination." In *Reg.* v. *Osborne, C. & M.* 622, however, Creswell, J., held that it was improper to ask the name of the person of whom the prosecutrix complained. He expressed, however, his difficulty, since it would be com-

petent to prove .that in consequence of the complaint, the prisoner was apprehended. This practical difficulty must ·exist whatever theory we adopt as to the philosophical basis .for evidence of such declarations. Unless it relates to the prisoner on trial, the evidence is of no value, and whether his name is mentioned or not, the jury cannot avoid the inference that the complaint made by the prosecutrix was a ·complaint of the prisoner. The Court for Crown Cases Re-:served, in *Reg.* v. *Lillyman* (1896), 65 *L. J. M. C.* 195, in .an elaborate judgment by Hawkins, J., in which Lord Rus-·sell of Killowen, Baron Pollock, Cave, J.,· and Wills, J., concurred, explained Justice Creswell's ruling in Reg. *v.* ·Osborne, upon the ground that he held only that the state--ment of the prosecutrix was not part of the *res gestæ;* and they held that it was not even an authority against admitting ·the details of the complaint. We are not required to go as far as that. It is enough for us that since the jury could not but have inferred that the complaint was of the prisoner, no manifest wrong ·and injury was done him by permitting the ·witness to say so.

The judgment is affirmed.