THE STATE, DEFENDANT IN ERROR, v. JOSEPH GIRONE, PLAINTIFF IN ERROR.

Submitted December 6, 1917—Decided April 11, 1918.

1. A person is competent to testify to his own age, irrespective of the consideration that the fact of age is one of the essentials necessary to be established in order to constitute the crime charged. The probative value of such testimony is for the jury to pass upon.

2. Upon the trial of an indictment for carnal abuse in this state, evidence of sexual intercourse, committed in another state immediately prior to the commission of those acts in this state, is admissible, the several offences forming parts of a series of acts evincing a continuous state of mind in the defendant culminating in the criminal act for which he is indicted.

3. It is a matter of sound discretion with the trial court to pass upon a request that the jury retire during the examination of a witness to an alleged confession, to ascertain whether such confession was voluntary, and where the record does not show that such discretion was improperly exercised, the refusal of the trial court to excuse and retire the jury is· not erroneous.

On error to the Hudson County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *Eugene R. Hayne.*

For the state, *Pierre P. Garvin.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff in error was convicted in the Hudson County Quarter Sessions Court on an indictment charging him with carnal abuse of a woman under the age of sixteen years.

The case comes up for review on a strict writ of error and also under the one hundred and thirty-sixth section of the Criminal Procedure act.

The first ground for reversal urged is that the trial judge permitted the complainant to testify to her own age.

There is a contrariety of opinion expressed in the reported cases of our sister states on the question whether or not a person is competent to testify to his or her own age. Such testimony, in its very nature, is hearsay.

One of the elementary rules of evidence springing from necessity is that when age is a fact of pedigree it may be established by hearsay evidence.

This rule has been enlarged in many jurisdictions so as to permit a person to testify to his own age.

We think the better opinion is that a person is competent to testify to his own age, irrespective of the consideration that the fact of age is one of the essentials necessary to be established in order to constitute the crime charged. *State v. Huggins,* 83 *N. J. L.* 13, where the cases are collated. The case of *State v. Koeltgen,* 89 *Id.* 678, decided by our Court of Errors and Appeals, does not express a contrary view. That case decided that the fact of age is not within the category of things as to which the fact can be proven by opinion testimony.

We conclude that the prosecutrix was competent to testify to her age, and that her testimony in that respect was properly admitted. Of course, the probative value of it was for the jury to pass upon.

The next ground urged for a reversal is that the court erred in permitting evidence of sexual intercourse by the defendant with the prosecutrix within the State of Pennsylvania. The evidence was that the prosecutrix and the defendant cohabited together in Philadelphia for three days before coming to Hoboken. We think the testimony was admissible. *State* v. *Deliso,* 75 *N. J. L.* 808. In that case it was held that several offences, forming parts of a series of acts evincing a continuous state of mind in the defendant culminating in the criminal act for which he is indicted, are admissible in evidence upon the trial of such indictment.

The third ground relied on for a reversal of the judgment challenges the propriety of the action of the trial judge in refusing to excuse and retire the jury while counsel for plaintiff in error entered upon cross-examination of the witness Daniel J. Keiley as to whether an alleged confession made by the plaintiff in error was voluntary.

This was a matter which called for the exercise of the sound discretion of the court, and we cannot say, from the record before us, that in refusing to grant the application of counsel for plaintiff in error the discretion was improperly exercised.

The last ground relied on for a reversal concerns that part of the trial judge's charge instructing the jury as follows: "Take the case on the evidence; there is no evidence for the defendant; there is the objection made by counsel for the defendant as to the girl's age; the testimony is in the case; she is within the age within the limitation prescribed by law." * * * Counsel for plaintiff in error argues in his brief that this was error because it was an instruction for the jury by the trial judge that the prosecutrix was a competent witness to testify to her age. As this matter has already been fully discussed under the first ground alleged as error no further comment is necessary.

It is proper to observe here that it has not been argued before us that the court erroneously deprived the jury from passing upon the question of fact—that is, the girl's age.

And it may not be out of place to say that we think it is plain from a fair reading of the charge that what the court told the jury, in effect, was that there was testimony that the prosecutrix was within the age—within the limitation prescribed by law. This was a comment upon the testimony. Whether or not the prosecutrix testified truthfully to her age was a fact for the jury to decide. Since the trial judge was not requested to charge in that respect, by counsel for plaintiff in error, the failure of the court to have done so furnishes no valid ground for complaint.

The judgment is affirmed.