111 N.J. Super. 551 (1970)
270 A.2d 47
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALBERT RILEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 13, 1970.
Decided October 20, 1970.
*552 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. William A. O'Brien, designated counsel, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Willard Bernstein, Assistant Prosecutor, argued the cause for respondent (Mr. Gerard J. DiNicola, Salem County Prosecutor, attorney).
PER CURIAM.
Defendant appeals his conviction following a jury verdict of guilty on an indictment charging him with carnal abuse.
Defendant first argues that the victim's testimony was not in itself sufficient to prove her age, and that the trial judge did not charge as to the law respecting age. It is well settled that one may testify to one's own age. State v. Huggins, 83 N.J.L. 43, 44 (Sup. Ct. 1912), aff'd 84 N.J.L. 254 (E. & A. 1913), irrespective of the consideration that the fact of age is one of the essentials that must be established as an element of the crime. State v. Girone, 91 N.J.L. 498, 499 (Sup. Ct. 1918). The victim's testimony as to her age is sufficient, even where there is no corroboration. State v. Calabrese, 99 N.J.L. 312, 315 (Sup. Ct. 1924), aff'd p.c. 100 N.J.L. 412 (E. & A. 1924); and see 1 Wharton, Criminal Evidence (12th ed. 1955), § 264 at 599, and 2 Wigmore on Evidence (3d ed. 1940), § 667 at 785-786. Although the trial judge did not specifically instruct the jury that it had to find as an element of the crime that the victim was 14, he did read the statute and the indictment, both of which specifically indicated that the girl had to be between the ages of 12 and 16 for defendant to be found guilty.
*553 Defendant next contends that the so-called Donohue charge on circumstantial evidence should have been given. See State v. Donohue, 2 N.J. 381, 390 (1949). The charge on circumstantial evidence accorded with the rule in State v. Mayberry, 52 N.J. 413, 436-437 (1968).
Finally, defendant raises as plain error the trial judge's failure to charge flight, claiming that flight was a "most significant" phase of the case. There was no such request to charge, nor was there any objection to the failure to so charge. Aside from the fact that the proofs do not point to flight, as it is well understood in the law, it was to defendant's advantage that flight not be charged. Had such a charge been given, the jury could have inferred that the flight was done with a consciousness of guilt and in an effort to avoid an accusation based on that guilt.. See State v. Sullivan, 43 N.J. 209, 328-239 (1964). Accordingly, we find no plain error, i.e., an alleged legal impropriety affecting defendant's substantial rights and of a sufficiently grievous nature to have the clear capacity to bring about an unjust result. State v. Gardner, 51 N.J. 444, 456 (1968).
The judgment is affirmed.