27 A.3d 1260 (2011)
422 N.J. Super. 265
Jerald D. ALBRECHT, Plaintiff-Appellant,
v.
CORRECTIONAL MEDICAL SERVICES, Defendant-Respondent, and
Dr. George Achebe and Dr. Raymundo Tagle, Defendants.
No. A-0605-10T4
Superior Court of New Jersey, Appellate Division.
Argued June 6, 2011.
Decided September 30, 2011.
*1261 Roger C. Martindell, Princeton, argued the cause for appellant.
Sean Robins argued the cause for respondent (Marks, O'Neill, O'Brien & Courtney, P.C., attorneys; Colleen L. Brandt, Pennsauken, on the brief).
Before Judges GRALL, C.L. MINIMAN and LEWINN.
The opinion of the court was delivered by
MINIMAN, J.A.D.
Plaintiff Jerald D. Albrecht appeals on leave granted from an interlocutory order dismissing his complaint as to defendant Correctional Medical Services (CMS) under the provisions of the Affidavit of Merit Statute (AOM Statute), N.J.S.A. 2A:53A-26 to -29. We conclude that CMS is not entitled to the protection of that statute and reverse and remand for reinstatement of plaintiff's complaint.
While plaintiff was committed to the custody of the Department of Corrections (DOC), he came under the care of defendants George Achebe, M.D., and Raymundo Tagle, M.D. At that time, CMS was the sole provider of medical care to prisoners pursuant to a contract with the DOC. Plaintiff thereafter filed a complaint alleging that all three defendants failed to properly diagnose and treat his medical condition.
In answering the complaint, each defendant demanded an affidavit of merit (AOM). Plaintiff supplied an AOM as to Achebe and Tagle, but not as to CMS. Instead, plaintiff demanded a copy of CMS's Department of Health and Senior Services (DHSS) license, but CMS did not produce one.
CMS moved to dismiss the complaint for failure to file an AOM, claiming that it was entitled to the protection of the AOM Statute because it was a "health care facility." CMS did not include any evidence, such as certifications and authenticated documents, in support of its motion.[1] In plaintiff's opposition papers, he included discovery materials from other cases *1262 where representatives of CMS averred that the doctors it retains are independent contractors to whom it issues Forms 1099 and that, as an entity, it does not provide any medical services. Rather, its independent-contractor physicians do so, using their medical skill and judgment.[2] CMS did not seek to rebut this discovery nor did it file any reply certifications or other materials concerning its status as a health care facility or explaining its corporate structure.
Plaintiff argued that the record was insufficient for CMS to show it was entitled to the protection of the AOM Statute. The judge disagreed and concluded that plaintiff was required to serve an AOM on CMS because it was a "health care facility." He also rejected plaintiff's claim that an AOM was rendered unnecessary by the common-knowledge exception. An order dismissing plaintiff's complaint as to CMS was entered on August 6, 2010.
Plaintiff contends on appeal that the judge erred in dismissing his complaint because the AOM Statute applies only to licensed persons or licensed health care facilities and that CMS is not licensed. He further argues that CMS is not covered by the exceptions from licensure created by Shamrock Lacrosse, Inc. v. Klehr, Harrison, Harvey, Branzburg & Ellers, 416 N.J.Super. 1, 26-27, 3 A.3d 518 (App.Div. 2010), and Nagim v. N.J. Transit, 369 N.J.Super. 103, 109, 848 A.2d 61 (Law Div.2003).
CMS argues that it did not have to prove that it was licensed because it is a "health care facility" and thus entitled to the protection of the AOM Statute. It also contends that it is entitled to the protection of the AOM Statute under the Shamrock and Nagim exceptions.
Because plaintiff presented factual material in opposition to the Rule 4:6-2 dismissal motion and the judge did not exclude it, the motion became one for summary judgment. R. 4:6-2. In reviewing an order on such a motion, we apply the same standards as the trial court. Kramer v. Ciba-Geigy Corp., 371 N.J.Super. 580, 602, 854 A.2d 948 (App.Div.2004). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). Thus, where the materials submitted to the court are insufficient to show that the moving party is entitled to judgment as a matter of law, the motion must be denied. See Driscoll Const. Co. v. State, 371 N.J.Super. 304, 317-18, 853 A.2d 270 (App.Div.2004); Wellington v. Estate of Wellington, 359 N.J.Super. 484, 496, 820 A.2d 669 (App. Div.), certif. denied, 177 N.J. 493, 828 A.2d 920 (2003).
The issue of whether CMS is an entity entitled to the protection of the AOM Statute "requires us to engage in statutory construction, [where] our `overriding goal must be to determine the Legislature's intent.'" Hubbard v. Reed, 168 N.J. 387, 392, 774 A.2d 495 (2001) (quoting State, Dep't of Law & Pub. Safety v. Gonzalez, 142 N.J. 618, 627, 667 A.2d 684 (1995)). "The first step in determining the Legislature's intent is to look at the plain language of the statute." Ibid. When the *1263 language is clear on its face, we enforce it as written. Ibid. That is the case here.
The AOM Statute was passed in 1995 "to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." In re Hall, 147 N.J. 379, 391, 688 A.2d 81 (1997). The statute is limited to malpractice claims made against particular persons and entities, and requires as follows:
In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.
[N.J.S.A. 2A:53A-27 (emphasis added).]
Failure to provide a required AOM "shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29.
Thus, CMS must demonstrate that it is a "licensed person" in order to invoke the protection of the statute. A "licensed person" is defined as, among other things, "any person who is licensed as . . . a health care facility as defined in section 2 of P.L. 1971, c. 136 (C. 26:2H-2)." N.J.S.A. 2A:53A-26(j). That section governs DHSS licensure and defines a "health care facility" as a
facility or institution whether public or private, engaged principally in providing services for . . . diagnosis or treatment of human disease, pain, injury, deformity or physical condition, including, but not limited to, a . . . public health center, diagnostic center, treatment center, rehabilitation center, . . . outpatient clinic, dispensary, . . . or central services facility serving one or more such institutions. . . .
[P.L. 1971, c. 136, § 2(a).]
CMS argues that it is a "licensed person" because it is a "health care facility" as defined under N.J.S.A. 26:2H-2. It contends that the term "licensed health care facility" appears nowhere in N.J.S.A. 26:2H-2 or 2A:53A-26(j) and, thus, it does not have to prove it is "licensed."[3] Even if we were to assume that CMS engages in activities that make it a health care facility, that status alone does not entitle CMS to the protection of the AOM Statute.
CMS's focus on the term "health care facility" in N.J.S.A. 2A:53A-26(j) ignores that statute's introductory language requiring an entity to be "licensed as" one of the enumerated professions before it can be considered a "licensed person." The distinction is important. For instance, the AOM Statute protects a person who is "licensed as . . . a physician in the practice of medicine or surgery pursuant to [N.J.S.A.] 45:9-1 et seq." N.J.S.A. 2A:53A-26. A person who graduated *1264 from medical school but did not apply for a license might be a physician in the practice of medicine or surgery as that term is statutorily defined, that is, a practitioner of any "method of treatment of human ailment, disease, pain, injury, deformity, mental or physical condition," N.J.S.A. 45:9-5.1, but if that person does not have a license from the State Board of Medical Examiners, the person is not "licensed as" a physician, N.J.S.A. 45:9-6. Indeed, in the case of health care facilities, the statute recognizes that there can be an unlicensed health care facility because it imposes fines for operating one. N.J.S.A. 26:2H-14.
In other words, to be a "licensed person" for the AOM Statute, one must do more than practice one of the enumerated professionsone must also hold a valid license as a practitioner of one of those professions. Otherwise, unlicensed persons would be protected by the AOM Statute. See Shamrock Lacrosse, supra, 416 N.J.Super. at 26-27, 3 A.3d 518 (suggesting that attorney who unlawfully represents clients may not be protected by affidavit-of-merit requirement). We cannot construe the statute to reach such an absurd result. See In re Tenure Hearing of Young, 202 N.J. 50, 69, 995 A.2d 826 (2010) (counseling against interpretations that lead to absurd results).
In New Jersey, "health care facilities" are licensed by the DHSS. N.J.S.A. 26:2H-12. CMS produced no such license despite plaintiff's discovery demands. CMS claims that it need not produce a license because its "relationship with the State of New Jersey was created pursuant to contract with the [DOC]." It did not, however, produce that contract in the trial court nor does it attempt to explain how its contract with the State can possibly be a substitute for a valid license to operate a health care facility, as required by N.J.S.A. 2A:53A-26(j), -27, and 26:2H-12.
The plain language of N.J.S.A. 2A:53A-26(j) clearly requires that a "health care facility" be "licensed as" such, even though the term "licensed health care facility" does not appear in the AOM Statute. When CMS failed to produce a license and its licensure was called into question, the judge should have inferred, for the purposes of the motion, that CMS was in fact not licensed thereby denying the motion under the plain language of the AOM Statute.
We next consider whether CMS is entitled to the protections of the AOM Statute as extended by Shamrock Lacrosse, supra, 416 N.J.Super. at 1, 3 A.3d 518, and Nagim, supra, 369 N.J.Super. 103, 848 A.2d 61.
In Nagim the judge held that the AOM Statute protected a firm comprised of licensed persons even though it did not qualify as a licensed person itself. 369 N.J.Super. at 109, 848 A.2d 61. In that case, New Jersey Transit filed a third-party complaint against an engineering firm, alleging that its engineers had committed malpractice. Id. at 106-07, 848 A.2d 61. The firm was not a "licensed person" under the literal terms of the affidavit of merit statute because only individual engineers, not engineering firms, are "licensed" under the statutory scheme governing engineers. Id. at 108, 848 A.2d 61. Nonetheless, the judge held that the statute applied to the firm because "the purpose of the [AOM Statute] would be significantly thwarted if [the] plaintiffs could avoid [its] requirements . . . by simply alleging professional negligence on the part of a firm of licensed professionals, without naming any such individual professional specifically." Id. at 109, 848 A.2d 61. The judge noted that the "conduct of the firm. . . is dependent upon the acts or omissions of its individual employees" and that the weeding-out function of the AOM *1265 would be circumvented "if lawsuits could be pursued against firms of licensed professionals without the filing of any affidavits of merit based upon allegations that were identical to those against any particular member of the same firm." Ibid. That reasoning has no application here, where plaintiff has filed affidavits of merit to support his claims against the doctors.
We also recognized entity protection in Shamrock Lacrosse, supra, 416 N.J.Super. at 21-27, 3 A.3d 518. There, the plaintiff sued two law firms that employed an attorney who allegedly committed malpractice in handling its patent renewal application. Id. at 4, 3 A.3d 518. The plaintiff claimed it need not provide an AOM for the law firms because they were not licensed as attorneys admitted to practice law in New Jersey and thus not licensed persons under the literal terms of N.J.S.A. 2A:53A-26(c). Id. at 16, 3 A.3d 518. We disagreed. While we agreed that law firms were not licensed persons under the literal terms of the statute, we acknowledged that attorneys often practice in limited liability forms. Id. at 21-22, 3 A.3d 518. We held that it would be "`entirely anomalous' to allow a plaintiff to circumvent the affidavit requirement by naming only law firms as defendants in a legal malpractice complaint and not the individual attorneys that performed the services." Id. at 26, 3 A.3d 518. We warned, however, that "our disposition is limited to the necessity of an [AOM] in the discrete context of legal malpractice, and does not resolve the need for an affidavit in situations involving claims against the various business organizations of other licensed professionals." Id. at 27, 3 A.3d 518. More important, the reasoning of this case has no application here, because plaintiff filed affidavits of merit to support his claims against the doctors.
Read together, these cases hold that when a firm's shareholders are licensed persons under the statute, a plaintiff is required to provide an AOM in order to pursue litigation against the firm alone under respondeat-superior principles. The rule in these cases is implicitly limited to professional corporations because, by statute, professional corporations must be entirely owned by shareholders who are themselves licensed professionals. N.J.S.A. 14A:17-10(a) ("No professional corporation may issue any of its shares to anyone other than an individual who is duly licensed or otherwise legally authorized to render the same professional service as that for which the corporation was incorporated."). Again, that rationale has no application here, where plaintiff has filed affidavits of merits to support his claims against the doctors.
Here, though CMS claims that it is "an entity comprised of licensed professionals," it did not provide any evidential support for that claim. As a result, CMS failed to establish that it was entitled to the limited protections available to professional corporations. Summary judgment was improvidently granted to it on this ground.
In light of our decision, plaintiff's remaining issues are moot.
Reversed and remanded for reinstatement of plaintiff's complaint against CMS and for further proceedings consistent with this opinion.
NOTES
[1] To the extent that CMS presented information about itself through its brief and its counsel at oral argument on its motion to dismiss, that information is not evidential and will not be considered. R. 1:6-6; Baldyga v. Oldman, 261 N.J.Super. 259, 265, 618 A.2d 877 (App. Div. 1993) (The purpose of R. 1:6-6 is in part to "eliminate the presentation of facts which are not of record by unsworn statement of counsel made in briefs and oral arguments.").
[2] These discovery materials were competent and admissible evidence on the motion, R. 1:6-6, because they were statements of a party opponent's authorized representative or agent. N.J.R.E. 803(b). CMS did not object that they were not appropriately authenticated under N.J.R.E. 901.
[3] CMS also points to five unpublished federal district court opinions to support its position that it is clearly covered by the AOM Statute, asserting that the issue has already been decided. However, the cited federal cases seem to have merely assumed that CMS was covered by the AOM Statute without discussing the evidence supporting that assumption. In any event, unpublished opinions do not constitute precedent, are not binding, and may not be cited by us. R. 1:36-3; Mount Holly Twp. Bd. of Educ. v. Mount Holly Twp. Educ. Ass'n, 199 N.J. 319, 332 n.2, 972 A.2d 387 (2009).