```
┌─────────────────────────────────────────────────────────┐
│               NOT FOR PUBLICATION WITHOUT THE            │
│               APPROVAL OF THE APPELLATE DIVISION         │
│                                                          │
│  This opinion shall not "constitute precedent or be binding upon any court." │
│  Although it is posted on the internet, this opinion is binding only on the  │
│    parties in the case and its use in other cases is limited. R. 1:36-3.     │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4126-15T1

CITY OF UNION CITY,

    Plaintiff-Appellant,

v.

2210-2212 KERRIGAN AVE., LLC,
SUN NATIONAL BANK, SPF 2011
OWNER, LLC, TRIMONT REAL
ESTATE ADVISORS, INC.,
GARRISON LOAN AGENCY
SERVICES, INC. d/b/a
GARRISON INVESTMENT GROUP,
and BOARD OF EDUCATION
CITY OF UNION CITY,

    Defendants,

and

ABEL HERNANDEZ,

    Defendant-Respondent.

_____

        Submitted October 11, 2017 — Decided August 27, 2018

        Before Judges Yannotti and Leone.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Hudson County, Docket No.
        C-000122-12.

William Z. Shulman, attorney for appellant.

Gilberto M. Garcia, attorney for respondent.

PER CURIAM

Plaintiff, the City of Union City, appeals an April 4, 2016 order which denied its motion to reconsider a February 10, 2016 order denying its request to enter judgment against defendant Abel Hernandez. We affirm.

## I.

This appeal concerns 2210-2212 Kerrigan Avenue (Property) in Union City. In 2010, plaintiff filed a summary proceeding against Hernandez, 2210-2212 Kerrigan Ave., LLC (the LLC), and other defendants. The complaint alleged that the LLC was the owner of the Property, that its ability to do business has been revoked, and that it had defaulted on its mortgage and foreclosure had been filed. The complaint also alleged, and Hernandez admitted, that Hernandez was "the sole principal and shareholder of the LLC."

The complaint alleged that a notice and order of penalty had been issued to defendants for failing to obtain a certificate of occupancy (CO), and that the Property was being occupied without a CO. The complaint requested an order imposing an injunction and statutory penalties upon defendants. An amended complaint was filed repeating those allegations.

A-4126-15T1

On August 13, 2014, the LLC filed a bankruptcy petition. On August 20, 2014, an "Agreement and Release Settlement Agreement" (Agreement) was entered into "between [plaintiff] and [the LLC], whose corporate status is now revoked and Abel Hernandez [address deleted] (hereafter 'Owner')." The Agreement described the LLC as the owner of the Property, and Hernandez as "the sole member of [the LLC]." The Agreement stated "the parties have reached an agreement that will resolve all issues in regard to the [CO] violation and in furtherance thereof will settle the pending litigation." It was agreed "Property owner shall submit the application for the issuance of the Final Certificate of Occupancy," and "Owner shall pay the City the sum of $50,000 in the next 30 days." Hernandez signed the Agreement under the LLC's name and above the signature line "Abel Hernandez, Owner."

Defendants applied for the permanent CO, which was issued. The $50,000 was not paid. The LLC's bankruptcy petition was dismissed on April 9, 2015.

On April 22, 2015, plaintiff moved to reduce the Agreement to judgment. On May 13, 2015, the trial court ordered that judgment for $50,000 be entered against the LLC. The judge refused to enter judgment against Hernandez, finding that he signed the Agreement on behalf of the LLC and did not assume any personal liability in the Agreement.

On October 5, 2015, plaintiff moved under <u>Rule</u> 4:50-1(b), (c), and (f) for an order entering judgment against Hernandez. On February 10, 2016, the trial court denied the motion.

On February 29, 2016, plaintiff moved for reconsideration. The trial court denied the motion on April 4, 2016.

## II.

Plaintiff failed to appeal the May 13, 2015 order entering judgment, so the validity of that order is not directly before us. Plaintiff now concedes the Agreement only obligated the LLC to pay the $50,000 and that Hernandez only signed as owner of the LLC.

Instead, plaintiff appeals the April 4, 2016 denial of his motion for reconsideration. "In civil actions the notice of appeal . . . shall designate the judgment, decision, action or rule, or part thereof appealed from[.]" <u>R.</u> 2:5-1(f)(3)(A). "[I]t is clear that it is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." <u>Fusco v. Bd. of Educ. of Newark</u>, 349 N.J. Super. 455, 461-62 (App. Div. 2002) (quoting Pressler, <u>Current N.J. Court Rules</u>, cmt. 6 on <u>R.</u> 2:5-1(f)(3)(i) (2002)). "Consequently, if the notice designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed."

Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1 (2018); see, e.g., Fusco, 349 N.J. Super. at 462.

Nonetheless, plaintiff's case information statement (CIS) indicates it sought to appeal not only the April 4 order but also the February 10, 2016 order denying plaintiff's motion under Rule 4:50-1. If "a motion for reconsideration . . . implicate[s] the substantive issues in the" order sought to be reconsidered, and if "the basis for the motion judge's ruling on [that order] and [the] reconsideration motion[ is] the same," then "an appeal solely from . . . the denial of reconsideration may be sufficient for an appellate review of the [earlier order], particularly where those issues are raised in the CIS." Fusco, 349 N.J. Super. at 461. In such an instance, we may "choose to exercise our discretion" to review the earlier order. Potomac Aviation, LLC v. Port Auth. of N.Y. & N.J., 413 N.J. Super. 212, 222 (App. Div. 2010). We choose to exercise our discretion to review the February 10 order denying relief under Rule 4:50-1, because "the basis for the motion judge's ruling on [that order] and the reconsideration motion[] was the same." Ibid. (quoting Fusco, 349 N.J. Super. at 461).

Under Rule 4:50-1, "[r]elief is granted sparingly. The decision whether to vacate a judgment on one of the six specified grounds is a determination left to the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176

N.J. 201, 207 (2003).  "The trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion."  US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).  We must hew to that standard of review.[1]

Plaintiff invokes Rule 4:50-1(b), (c), and (f), which state:

> [U]pon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: . . . (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (f) any other reason justifying relief from the operation of the judgment or order."

### A.

Under Rule 4:50-1(b), "[t]o obtain relief from a judgment based on newly discovered evidence, the party seeking relief must demonstrate 'that the evidence would probably have changed the result, that it was unobtainable by the exercise of due diligence for use at the trial, and that the evidence was not merely

---

[1] Similarly, "a trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

cumulative.'" <u>DEG, LLC v. Twp. of Fairfield</u>, 198 N.J. 242, 264 (2009) (citation omitted).

Plaintiff alleged that after the May 13, 2015 order, it requested and received discovery showing that the LLC constructed the building on the Property under an oral agreement, maintained no business records, checkbooks, or bank accounts, and had no other assets than the Property. Plaintiff also learned that Hernandez let his partner sign for him and take the lead role in the construction and its financing, that his partner converted one rent payment, that Hernandez paid some LLC expenses personally, and similar information. Plaintiff argued this evidence showed the LLC was a sham corporation, and would have enabled it to pierce the corporate veil and obtain a judgment against Hernandez.

As the trial court found, plaintiff knew there were legal and factual avenues to pursue a claim against defendant. Plaintiff's complaint named him as an individual defendant. It also alleged that "Hernandez is liable to the City" either "[t]o the extent . . . the LLC ceases to exist," or "[t]o the extent that the LLC's ability to do business in the State of New Jersey has been revoked." "[P]ersons who carry on the business of a corporation . . . after the charter has expired, or after dissolution, become personally liable[.]'" <u>Lancellotti v. Md. Cas. Co.</u>, 260 N.J.

Super. 579, 583 (App. Div. 1992) (quoting <u>Leventhal v. Atl. Rainbow Painting Co.</u>, 68 N.J. Super. 406, 413 (App. Div. 1961)).

Moreover, before deciding to settle, plaintiff knew the LLC's right to conduct business in New Jersey had been revoked, its corporate status had been revoked, it had defaulted on its mortgage on the Property against which foreclosure had been filed, and it had filed for bankruptcy. Nonetheless, plaintiff entered into the Agreement, which it concedes made only the LLC responsible to pay. Given the information plaintiff knew before settling, plaintiff did not show the additional information plaintiff now cites would probably have changed the result.

The trial court also found the information plaintiff learned in post-judgment discovery could have been learned through discovery in the original litigation before plaintiff decided to settle. We agree that, by the exercise of due diligence, plaintiff could have obtained discovery to determine if the LLC was a sham corporation and thus to support plaintiff's cause of action against Hernandez individually. Such discovery would have relevant "to the claim" by plaintiff against Hernandez, and to the "defense" of Hernandez that he was protected by the LLC's corporate veil. See <u>R.</u> 4:10-2(a).

Plaintiff argues it was barred from seeking discovery of financial information under <u>Herman v. Sunshine Chem. Specialties</u>,

133 N.J. 329 (1993). However, <u>Herman</u> dealt with discovery of confidential financial information which had no relevance absent a valid claim for punitive damages. <u>Id.</u> at 342-46. Much of the evidence plaintiff now cites is not confidential financial information. <u>See</u> <u>id.</u> at 345. Moreover, <u>Herman</u> recognizes that "[j]udicial review of applications for discovery" and protective orders can "alleviate concerns about abusive or burdensome discovery" of confidential financial information. <u>Id.</u> at 344-45.

It was not a clear abuse of discretion to deny relief under <u>Rule</u> 4:50-1(b) given those findings. We need not examine the trial court's other findings on that issue.

B.

Plaintiff's motion also raised <u>Rule</u> 4:50-1(c). Plaintiff asserts the trial court did not address that claim, but plaintiff's motion brief did not address it either.[2] In any event, plaintiff's claim is meritless.

<u>Rule</u> 4:50-1(c) permits relief for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other

---

[2] Instead, plaintiff's brief discussed <u>Rule</u> 4:50-1(e), which addresses when "the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application." Plaintiff shows no basis for relief under that subsection. <u>See</u> <u>DEG</u>, 198 N.J. at 265-67.

misconduct of an adverse party." Ibid. Where it is claimed that "a settlement [wa]s obtained by fraud," "our courts require 'clear and convincing proof' that the agreement should be vacated." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990).

Plaintiff presented no proof at all. Rather, plaintiff merely argued in its briefs that at the time of settlement "it was represented" that the LLC had found a purchaser for the Property and that the LLC would be able to pay plaintiff $50,000 from the sale proceeds. Such assertions of fact in briefs are "not evidential and will not be considered." Albrecht v. Corr. Med. Servs., 422 N.J. Super. 265, 267 n.1 (App. Div. 2011). "If a motion is based on facts not appearing of record or not judicially noticeable," a party must submit "affidavits made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify[.]" R. 1:6-6. Plaintiff's certifications made no mention of such a representation, let alone prove it was fraudulent.

C.

Plaintiff lastly cites Rule 4:50-1(f), "the so-called catch-all, [which] provides relief for 'any other reason.'" DEG, 198 N.J. at 269. "[B]ecause of the importance that we attach to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.' . . .

A-4126-15T1

The rule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Guillaume, 209 N.J. at 484 (quoting Little, 135 N.J. at 286, 289).

"This case presents no such circumstances." See ibid. Absent proof of fraud, "[t]his case involves a reasoned decision by municipal officials, acting in good faith, to settle a problem case - no more and no less." See DEG, 198 N.J. at 270-71. "Rule 4:50-1 is not an opportunity for parties to a consent judgment to change their minds; nor is it a pathway to reopen litigation because a party either views his settlement as less advantageous than it had previously appeared, or rethinks the effectiveness of his original legal strategy." Id. at 261.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION