# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2484-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

I.S.,

    Defendant-Appellant.

_____

Submitted March 12, 2020 – Decided June 19, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-02-0315.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

Appellant filed a supplemental pro se brief.

PER CURIAM

Defendant I.S. appeals the November 30, 2018 Law Division denial of his post-conviction relief (PCR) petition, alleging ineffective assistance of appellate and trial counsel. For the reasons stated by Judge John A. Young, we affirm. We add the following.

Defendant was convicted of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a), in that he sexually penetrated the victim, J.U., when she was at least thirteen but less than sixteen, and stood in loco parentis to her. The jury heard that defendant, who was J.U.'s mother's live-in boyfriend, raped her on two different occasions when she was fourteen. As a result of the second incident, she became pregnant. She did not disclose this history until years later in 2012, when she sought child support.

At the time of trial, J.U. was twenty-five years old. DNA testing verified the child was defendant's son. When interviewed by police, defendant readily acknowledged having intercourse with J.U., and admitted knowing she was younger than eighteen, but denied knowing she was fourteen. He claimed the relationship was consensual.

The jury also convicted defendant of second-degree child endangering. That indictment count alleged that while having a legal duty of care for J.U.,

who was born in December 1989, he knowingly engaged in sexual conduct which would impair or debauch her morals. See N.J.S.A. 2C:24-4(a).

Finally, the jury convicted defendant of fourth-degree child abuse, that he, "having the care, custody and control of J.U., born December [], 1989, did abuse J.U. by performing any indecent, immoral or unlawful act or deed . . . that may tend to debauch or endanger or degrade [her] morals[.]" See N.J.S.A. 9:6-1, -3.

The jury acquitted defendant of third-degree terroristic threats. J.U. testified that she did not disclose these incidents while defendant lived with her, her mother, and her brother, because he threatened to kill the family if she reported them. See N.J.S.A. 2C:12-3(a).

We remanded as to the sentence only. The trial judge on May 18, 2017, imposed fifteen years imprisonment subject to the No Early Release Act's (NERA) eighty-five percent parole ineligibility, N.J.S.A. 2C:43-7.2. The judge merged the child endangering and child abuse convictions into the greater crime, the aggravated sexual assault. We affirmed the convictions. State v. Sosa, No. A-5030-14 (App. Div. Dec. 20, 2016). The Supreme Court denied certification. State v. Sosa, 230 N.J. 227 (2017).

At trial, defendant challenged J.U.'s birthdate, suggesting the conduct was consensual and therefore lawful. When interviewed by police, defendant had

3

said J.U.'s mother approved of the relationship. J.U. was born in Mexico and brought here as a child. The family lived with defendant for some unspecified period of time. The assaults occurred months after she arrived here.

A principal argument in the PCR petition and on appeal is that trial counsel was ineffective because she did not move to dismiss counts two through four of the indictment on the grounds the relevant statute of limitations had run. J.U. reported the sexual assaults on December 7, 2012; defendant was not indicted until February 26, 2014. N.J.S.A. 2C:1-6(a)(1) states that prosecutions brought under the aggravated sexual assault statute "may be commenced at any time." N.J.S.A. 2C:1-6(b)(4) provides, however, that a prosecution brought under N.J.S.A. 2C:24-4 "when the victim at the time of the offenses is below the age of [eighteen] years, must be commenced within five years of the victim's attaining the age of [eighteen] . . . ." Presumably, a charge of child abuse is subject to the five year from date of occurrence catch-all provision found in N.J.S.A. 2C:1-6(b)(1).

"A prosecution is commenced for a crime when an indictment is found . . . ." N.J.S.A. 2C:1-6(d). J.U. turned eighteen in December 2007. That means prosecution on the child endangering had to be commenced on or before December 2012—but defendant was not indicted until February 26, 2014. The

4

time for prosecution on the child abuse offense had run by at least J.U.'s nineteenth birthday.

While on the stand, J.U. said when she gave birth, defendant and her mother had separated, and she lied to her mother about the identity of the father of the child. Defendant on one occasion attempted to see the child, but has never had a relationship with him.

During the trial, J.U. was extensively cross-examined on the issue of her age. She produced her driver's license in order to corroborate her birthdate. Trial counsel's Reyes[1] motion for acquittal was actually based on the purported lack of proof of J.U.'s birthdate. In summation, trial counsel again returned to the issue of the State's alleged failure to prove J.U.'s birthdate.

Defendant argued in his PCR petition that J.U.'s lack of proof of age was a fatal flaw in the State's case. He also claimed that the only way she could have obtained a New Jersey driver's license would have been to submit false documents stating that she was a lawful permanent resident or United States citizen. When she testified, J.U. said she obtained her driver's license by submitting a resident alien card.

---

[1] State v. Reyes, 50 N.J. 454 (1967).

A-2484-18T2

The judge found no merit to defendant's argument.  J.U. testified as to her birthdate, age, and that she was fourteen years old when defendant committed the crimes in 2004.  The judge opined the testimony alone was sufficient to prove the requisite element of age.

In denying PCR relief, the judge also addressed the argument that trial counsel was obliged to contact the Mexican government to verify J.U.'s birthdate, or to consult an expert with regard to the New Jersey driver's license application process.  Defendant, other than speculation, had no basis to challenge J.U.'s age, thus making the contention nothing more than an impermissible bald assertion.

The judge added that the defense of mistake of fact is unavailable to those charged with aggravated sexual assault.  N.J.S.A. 2C:14-5(c) provides that "[i]t shall be no defense to a prosecution for a crime under this chapter that the actor believed the victim to be above the age stated for the offense, even if such mistaken belief was reasonable."

With regard to the statute of limitations argument, although it met the first prong, pursuant to Strickland v. Washington, 466 U.S. 668, 688 (1984), that the representation fell below an objective standard of reasonableness, the judge found the mistake did not affect the outcome, the second prong of the Strickland

test. Id. at 694. The charges were merged into the greater offense, and the elements of the crimes were the same. Defendant was sentenced only on the count to which the statute did not apply. The jury acquitted on the terroristic threats. Thus, the judge held that defendant failed to meet the Strickland standard and denied the petition.

Now on appeal, defendant raises the following arguments:

> POINT I – TRIAL COUNSEL AND APPELLATE DEFENSE COUNSEL WERE INEFFECTIVE FOR FAILING TO MOVE TO DISMISS COUNT TWO OF THE INDICTMENT, ALLEGING ENDANGERING THE WELFARE OF A CHILD, AND COUNT THREE, ALLEGING CHILD ABUSE, BECAUSE THE STATUTE OF LIMITATIONS REGARDING THOSE OFFENSES HAD EXPIRED.
>
> POINT II – TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BY PERMITTING THE STATE TO AMEND COUNT ONE OF THE INDICTMENT BECAUSE THE AMENDMENT CHANGED THE SUBSTANCE OF THE OFFENSE, AND THE MATTER THEREFORE SHOULD HAVE BEEN SENT BACK TO THE GRAND JURY.
>
> POINT III – TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO VERIFY THE ALLEGED VICTIM'S DATE OF BIRTH WITH OFFICIALS OF THE MEXICAN GOVERNMENT.
>
> POINT IV – TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO PRESENT EXPERT TESTIMONY.

A-2484-18T2

POINT V – TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BY FAILING TO RAISE THE DEFENSES OF MISTAKE OF FACT OR LAW.

In an uncounseled brief, defendant asserts:

POINT 1. [DEFENDANT] WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL'S FAILURE TO RAISE A MISTAKE-OF-FACT DEFENSE.

POINT 2. [DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO FILE A CLEARLY MERITORIOUS MOTION TO QUASH THE INDICTMENT AS TO COUNTS 2, 3, AND 4.

We address the issues without distinguishing the point headings as formulated by counsel for defendant on appeal and defendant pro se. Defendant's uncounseled brief raises the same issues.

We review a judge's decision to deny a PCR petition without evidentiary hearing for abuse of discretion. See State v. Preciose, 129 N.J. 451, 462 (1992). It is also well-established that in order to make out a prima facie claim, a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super 154, 170 (App. Div. 1999). It is defendant's burden to establish by a preponderance of the credible evidence that he is entitled to relief. State v. Nash,

212 N.J. 518, 541 (2013).  In order to prevail, a defendant must establish not only that counsel's representation was deficient, but that the deficiency prejudiced his right to a fair trial.  Strickland, 466 U.S. at 687.

I.

There can be no doubt that the statute of limitations issue should have been raised.  That omission is a mistake outside the realm of constitutionally adequate representation, and meets the first prong of Strickland. Nonetheless, in this case, defendant was acquitted of the threats, and counts two and three required the very proofs the jury found applicable to the greater offense—the aggravated sexual assault of a victim between the ages of thirteen and sixteen. In other words, once having found defendant guilty of sexual penetration with J.U. when she was at least thirteen, but less than sixteen, a person to whom he stood in loco parentis, the elements of the other two crimes were satisfied.  That is the reason the trial judge merged counts two and three into count one.  The outcome of defendant's trial remained unaffected—and being charged with counts two and three did not make it more likely he would be convicted of count one.  An aggravated sexual assault of a child with whom a person stands in loco parentis is per se an act of child endangering and child abuse.  Thus, counsel's

error did not prejudice the outcome, and since defendant does not meet the Strickland second prong, there is no merit to the appeal on that basis.

II.

Defendant argues for the first time on appeal that trial defense counsel was ineffective because counsel permitted the amendment of count one from language alleging that defendant was related to J.U. by blood or affinity to the third-degree, to language alleging defendant's status in loco parentis. We know nothing about the circumstances of the amendment, or that it even was an amendment, as the issue was not raised before Judge Young, and the point is not fully explained in the brief on appeal.[2] It is counsel's duty to support "legal argument with appropriate record references . . . ." State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977). It is not a reviewing court's duty to search the record to substantiate defendant's argument. See 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011). We do not even know the stage in the proceedings at which the alteration was made. In any event, the change was not consequential.

Ultimately, whether in loco parentis or because of a familial relationship, the relationship had to be proven by the State beyond a reasonable doubt. We

---

[2] The State did not respond to this argument in its brief.

do not see how the amendment would have created prejudice, as defendant did not deny living with the family and being responsible for the children when J.U.'s mother was at work. This argument does not establish plain error, required under Rule 2:10-2. The apparent alteration on the face of the indictment was not an error "clearly capable of producing an unjust result[.]" R. 2:10-2.

## III.

We address the issue of the victim's birthdate in combination with the contention that an expert should have been retained. First, the opinion upon which defendant relies is an unpublished federal opinion. See Siguenza v. Roddy, No. 13-2005, 2016 U.S. Dist. LEXIS 69553 (D.N.J. May 27, 2016).[3]

In that case, a plaintiff sued his criminal defense attorney for malpractice, alleging counsel was deficient in his representation of him in a sexual assault matter involving a minor because he did not obtain a certified document verifying the victim's birthdate. In the criminal case, the age of the victim was a crucial issue, as Siguenza alleged that the victim consented and that her age of majority was "well known in the community." The issue regarding the birth

---

[3] Since the opinion is unpublished, it is not precedential and is not binding on this court. Albrecht v. Corr. Med. Servs., 422 N.J. Super. 265, 270 n.3 (App. Div. 2011); R. 1:36-3. However, since on appeal counsel relies on the analysis in support of his argument, we nonetheless address the case.

A-2484-18T2

certificate was investigated by counsel, who obtained, it later turned out, a false birth certificate from the prosecutor, who had in turn obtained it from the victim's family. The birth certificate was neither notarized nor certified, and was handwritten in Spanish, purporting to originate in Honduras. Nonetheless, Siguenza was advised by his attorney to take the plea offer, and did so.

Obviously, the failure to exhaustively investigate the victim's age has far greater impact when the matter is not explored at trial. This is a significant distinction between the circumstances in this case and the federal matter.

In contrast to the plea in Siguenza, here J.U. testified unequivocally about her birthdate, and produced a driver's license bearing her date of birth. Defendant acknowledged to police a romantic relationship with the victim's mother and the fact that the family lived with him, and that he cared for the children while J.U.'s mother worked. Unlike Siguenza, this defendant knew about J.U.'s age from being in the same household. It is unreasonable, given these factual distinctions, to impose on this defense counsel the obligation to procure a birth certificate or an expert to more aggressively challenge the issue of age.

The victim's testimony in this case sufficed to prove the element of the crime, as opposed to the plea of guilty in the federal case. See State v. Reilly,

111 N.J. Super. 551, 552 (App. Div. 1970). It was sufficient with regard to her age. Ibid. Therefore, neither Strickland prong was met. Defendant's attorney's failure to more fully corroborate the victim's age was not less than adequate representation. Defendant lived with this family. This is indeed a bald assertion—defendant has no basis for his assumption that had a more expansive investigation occurred, there would have been an effect on the outcome. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Nothing in the record supports the allegation that the victim was being untruthful.

IV.

Defendant again contends that the defense of mistake of fact or mistake of law should have been raised by his attorney, and that counsel's failure to do so meant his attorney functioned outside the constitutionally required norms. The argument hinges on defendant's willingness to testify, which he did not, at the trial. The argument is founded on mere speculation.

Additionally, N.J.S.A. 2C:14-5 makes clear that it is not a defense to the charge that the actor believed the victim to be above the age required for the offense, even if such a mistaken belief was reasonable. This argument does not warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-2484-18T2